### SPEER *vs.* THE STATE OF GEORGIA.

The offense of fornication, as defined in the Code of this state, is not included in the crime of rape, and on a verdict of fornication found upon an indictment for rape, the judgment will be arrested.

Criminal law.  Before Judge HARRIS.  Dooly Superior Court.  September Term, 1877.

Reported in the opinion.

S. HALL; H. MORGAN, for plaintiff in error.

THOMAS EASON, solicitor general, by Z. D. HARRISON, for e state.

JACKSON, Judge.

The defendant was indicted for rape.  At the close of the ordinary indictment for that crime, the allegation was made that the defendant was an unmarried man, and the woman wronged was an unmarried woman.  On the trial the defendant was found guilty of fornication.  Whereupon a motion was made to arrest the judgment, the motion was overruled

by the superior court, and the assignment of error here is, that the court erred in not arresting the judgment. So that the single question made is, can a verdict for fornication be supported by an indictment for rape? or, in other words, is fornication a lower grade of the crime of rape, and included therein?

Rape is the carnal knowledge of a female, *forcibly and against her will.* Force, not consent, either purely volun- tary or yielded to seduction, is the element that necessarily enters into the crime of rape. Its very backbone is force— it is broken and there is no rape, and can be none, if the wo- man is willing. Hence a verdict of an assault, or assault and battery, or assault with intent to commit a rape, may be founded upon an indictment for rape, because force is in these offenses, and also in rape, and there always is an assault and, in many cases, a battery, in every rape. 14 *Ga.*, 55, 225. But, under a fair construction of our Code, there is no fornication unless the man and woman both con- sent. The woman *must consent* as well as the man; there- fore, fornication cannot be forcible and against the woman's will. The Code provides that "any man and woman who shall commit adultery, or fornication, or adultery and forni- cation, shall be severally indicted," etc. While indicted sep- arately, it seems clear that both must commit the offense; the woman as well as the man must do the deed, commit the crime; but intention—will—is a necessary ingredient in every crime, and if the woman be forced, and the man has carnal knowledge of her against her will, she has committed no offense, and as both must concur to commit fornication, there can be no fornication under the Code of Georgia in- cluded in rape. See Code, §§4534, 4349. And so this court held in treating of incestuous fornication in 44 *Ga.*, 214, ruling that incestuous adultery or fornication, from the terms of the section which defined it, was not a joint offense, and then adding that "the very next section, §4460 (now 4534), punishing fornication and adultery, *does make a joint offense,* and uses very different language."

Nor does the Wood case control this case. Seduction necessarily embraces fornication or adultery. The consent of the woman is obtained, and she yields, freely and voluntarily, to the entreaties and persuasions of the man. She commits fornication, or adultery, as the case may be, just as fully as the man does, although she does so under false promises on his part. She consents, but in rape there is no consent by the woman at all. See Code, §4371. Therefore, when this court held that under an indictment for seduction, a verdict for fornication could be upheld, it did not touch the question made here. *Wood vs. The State*, 48 *Ga.*, 192.

But independently of this view, which should conclude the case without more, the very fact that it was necessary to add to the usual charge of rape the allegation that both the man and woman were not married, but single, shows that on an indictment for rape, pure and simple, without words which are mere surplusage, the defendant could not have been convicted of fornication; for, without those words, if the woman consented, and there was voluntary cohabitation, it might have been adultery, and not fornication. So that fornication is not necessarily in rape, and a lower grade of rape, even if the objection that rape is only where force is used and the will of the woman overpowered, could be overcome. For these reasons, it is clear that the court below erred, and that the judgment must be arrested.

Judgment reversed.