## DOYLE vs. THE STATE OF GEORGIA.

1. Counts for felonies cannot be joined in the same indictment with others for misdemeanors, especially where the offences are of different characters.

(a.) Robbery is not of the same character of offence as larceny from the person, or cheating and swindling. Robbery involves force; the others do not.

2. Where the defendant in a criminal case exercises his right of making a statement not under oath, such statement may be contradicted by testimony as to the facts which it narrates, but the making of a statement does not alone authorize the introduction of testimony of the general bad character of the defendant, and that the witnesses testifying concerning it would not believe him on oath.

3. The testimony in this case showed that the defendant filched money from the person of the prosecutor, before his eyes, by artifice and trickery, but there was no such evidence of force as authorized a conviction of robbery.

(a.) Legislation on this subject suggested.

November 23, 1886.

Criminal Law. Evidence. Practice in Superior Court. Before Judge RONEY. Richmond Superior Court. October Term, 1885.

Leven Doyle was indicted and found guilty of robbery. The evidence of the person charged to have been robbed was, in brief, as follows: He agreed to treat the defendant to a drink, and took out his pocket-book to pay for it. He had the book in one hand and in the other a rubber strap which he took from around it. In the book was a $5 bill with one end sticking out. The defendant extracted it with a quick jerk and passed it to a confederate, who made off with it. There was no scuffle and no threats. The defendant merely snatched or jerked the money from the book.

In his statement, the defendant claimed to have won the money from the owner at three card monte.

After conviction, the defendant moved for a new trial, which was refused, and he excepted. The other facts are sufficiently stated in the decision.

S. F. WEBB, for plaintiff in error.

BOYKIN WRIGHT, solicitor-general, for the State

HALL, Justice.

Doyle was indicted, tried and found guilty of robbery and was sentenced to the penitentiary for ten years. The indictment charged him, in three separate counts, with robbery, with larceny from the person of the prosecutor, and with cheating and swindling. The amount alleged to have been stolen was five dollars in United States currency. Upon his arraignment and before pleading to the merits, he demurred specially to the indictment, upon the ground that there was a misjoinder of offences in the different counts in the indictment, one being for a felony and the others for misdemeanors; the demurrer was overruled, and upon the trial, he made a statement not under oath, which the court, over his objections, allowed to be impeached, by evidence of his bad character, and that from that character he was not, in the opinion of the wit-

nesses, entitled to credit on his oath in a court of justice. He made a motion for a new trial, on several grounds, including those above mentioned, which was refused. To the judgment on this motion he excepted, and these exceptions make the questions to be decided.

1. Counts for felonies cannot be joined in the same indictment with others for misdemeanors, although it would seem all the offences charged are *ejusdem generis*, but in this case the offences set forth in the several counts were not of kindred character; the secret and furtive taking of money from the person of another without his knowledge or consent, and the deceitful means and artful practices resorted to by swindlers to cheat and defraud others, are just the reverse of the force or intimidation, which is an indispensable element of robbery. Code, §§4389, 4410, 4412, 4595, and citations under each of these sections. This court, in *Speer's case*, 60 *Ga.* 381, held that a conviction of fornication upon an indictment for rape could not be upheld, because of the directly opposite character of the two offences, the one requiring force on the part of the assailant and resistance on the part of the female, while the other was committed with her concurrence and consent. As to the joinder of felonies with misdemeanors in the same or different counts of indictment, see *Davis's case*, 57 *Ga.* 66, 67.

2. Under the provisions of our act allowing defendants in criminal cases to make a statement not under oath (code, §4637), which is to have such force only as the jury may think right to give it, and who may believe it in preference to the sworn testimony, the defendant making such statement is not to be deemed a witness in all respects, for by this statute he cannot be compelled to make it or to answer questions propounded by the prosecution, nor is he subject to cross-examination unless he thinks proper to submit to it. That his statement, when made, may be contradicted by other witnesses as to the facts he narrates, has been frequently decided by this court, but this is a very

different matter from impeaching his veracity by proof of his general bad character, and showing by those testifying to such character that they would not for that reason believe him on his oath in a court of justice; he takes no oath and is not to be regarded as a witness, except to a qualified extent; the consistency or improbability of his story cannot be tested by a cross-examination, whereas the right of cross-examination, thorough and sifting, is secured to every party as to the witnesses called against him, and if there be several parties to the same case, having distinct interests, each may exercise this right. Code, §3864. The mode of impeachment here adopted applies only to witnesses (*Id.* §§3871, 3873, 3874), but it does not apply to a party unless, in a civil case or in a criminal prosecution, he first puts his character in issue; such testimony is never resorted to, in the first instance, for purposes of conviction, but to shield from punishment, especially in a doubtful case. This is a familiar principle and needs no citation of authorities in its support. That there are decisions of some of our sister States in seeming conflict with the view here taken, we are aware, but these decisions are founded upon their own statutes, which, when examined, will be found to be materially different in essential respects from ours. That the privilege given to defendants in criminal cases is greatly abused, and that its exercise is often detrimental to the best interests of society and the peace and security of the community, is not only probable, but in many instances is fully established, we are well satisfied. The evils resulting from it are beyond the reach of the courts, and it is to be sincerely wished that the legislature, which alone has the power, would apply the correction.

3. There is abundant evidence in this case that the prosecutor's money was filched from his person, before his eyes, by artifice and trickery, and a conviction for larceny from the person, had upon a proper indictment, or one founded upon §4588 of the code, if the statement of the defendant be credited, charging him with cheating at play, or

perhaps with being a common cheat and swindler, would be sustained, but the essential element of robbery, viz. force or intimidation, is wholly wanting; there is no evidence of any violence or threats before or at the time the prosecutor's money was taken, of any struggle between them, or of resistance upon the part of the prosecutor, but the contrary is conclusively shown by the testimony; the conviction, therefore, rests upon no foundation whatever, and is not only contrary to the evidence, but without evidence to support it.   There was error in refusing to grant the new trial, and there must be another hearing of the case.  *Burke's case*, 74 *Ga.* 372.  There are features about this case, and others of the same character, which cause us to regret our inability to affirm this judgment and subject the offender to the punishment inflicted by the sentence; and in view of the fact that almost every community is infested with gangs of such thieves, whose only vocation seems to be to entrap unsuspecting persons in the exhibition of their money, or throw them off their guard and snatch money or other valuables from their persons, we respectfully call the attention of the general assembly to the matter and unanimously recommend that such offence be made robbery and punished as that crime is now punished.

Judgment reversed.