## 39149. FOSTER v. THE STATE.

MARSHALL, Presiding Justice.

In 1981, the appellant was indicted on one count of aggravated assault. Code Ann. § 26-1302. Based on a 1973 aggravated assault conviction, he was also indicted on one count of possession of a firearm by a convicted felon. Code Ann. § 26-2914.[1] Arguing that § 26-2914 is unconstitutional, the appellant filed a motion to strike the count of the indictment charging possession of a firearm by a convicted felon. This motion was denied.

The evidence introduced at trial authorized the jury in finding that the appellant confronted the victim at a Dairy Queen restaurant in Athens, Georgia, and attacked him with a knife. When the victim brandished a knife of his own, the appellant obtained a gun from a female companion. The victim then withdrew from the fracas and drove away. The appellant followed and subsequently discharged his gun into the victim's car, wounding him. The victim then fired his gun at the appellant's fleeing car.

At trial, the appellant claimed justification and self-defense. The trial judge instructed the jury to return a verdict of not guilty on the aggravated assault charge if they found that the appellant was justified in using the weapon. Additionally, the jury was instructed that they could not find the appellant guilty of possession of a firearm

---

[1] Section 26-2914 was enacted in 1980. Ga. L. 1980, p. 1509; 1982, pp. 1171, 1172. See *Prather v. State,* 247 Ga. 789 (2) (279 SE2d 697) (1981); *Battle v. State,* 160 Ga. App. 111 (286 SE2d 341) (1981).

Subsections (a)(1) and (a)(2) of § 26-2914 define the terms "felony" and "firearm." Subsection (b) provides that any convicted felon "who receives, possesses, or transports any firearm commits a felony . . ." Subsection (c) states that § 26-2914 shall not apply to any person who has been pardoned for the felony and, by the terms of the pardon, has expressly been authorized to receive, possess, or transport a firearm. Subsection (d) creates an exception to the prohibitions of § 26-2914 for persons convicted of a felony who have been granted relief from the disabilities imposed by federal law with respect to acquisition, possession, etc., of firearms under 18 USC § 925. As to 18 USCA § 925, see note 2, infra.

by a convicted felon if he was found not guilty of aggravated assault. The jury returned a verdict of guilty on both counts.

The appellant appeals, arguing that § 26-2914 is overbroad in violation of the Due Process Clause of the Fifth and Fourteenth Amendments, as well as the Georgia Constitution, in that it proscribes possession of a firearm by a convicted felon without creating an exception for situations in which use of the firearm by the convicted felon is necessary for his self-defense.

Thus, the appellant is arguing that the statutory criminal law of this state denies him due process of law under the Constitution.

However, as has been said before, the law of the state can speak no louder to the jury than through the trial judge's instructions in a given case. In this case, the trial judge instructed the jury to acquit the appellant of the possession charge if his claim of self-defense was accepted. The jury rejected the appellant's claim of self-defense and found him guilty of aggravated assault and possession.

Therefore, we conclude that, even if the statute was overbroad for the reasons urged, the appellant lacks standing to make this constitutional attack. See *State v. Raybon,* 242 Ga. 858 (252 SE2d 417) (1979) and cits. Accord, United States v. Scales, 599 F2d 78 (5th Cir. 1979); United States v. Hammons, 566 F2d 1301 (5th Cir. 1978).

Citing Gooding v. Wilson, 405 U. S. 518, 521 (92 SC 1103, 1105, 31 LE2d 408) (1972), the appellant argues that he may attack the statute as overbroad without demonstrating that the statute is being applied unconstitutionally as to him. What the appellant fails to mention is that this dispensation of the standing requirement applies in cases were the challenged statutes "regulate or proscribe speech," Gooding v. Wilson, 405 U. S., supra, at pp. 520-521, and not in cases such as this. See Coates v. City of Cincinnati, 402 U. S. 611, 619, 620 (91 SC 1686, 29 LE2d 214) (1971) (White, J., dissenting).

In United States v. Scales, supra, and United States v. Hammons, supra, it was argued that the defense of emergency or exigent circumstances should be judicially engrafted onto a federal statute making it unlawful for a convicted felon to receive any firearm shipped in interstate commerce.[2] In both cases, the court refused to

---

[2] This federal statute, 18 USCA § 922 (h)(1), is part of the Gun Control Act of 1968. Section 922 (h)(1) makes it unlawful for a convicted felon "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Section 925 details limited exceptions to liability under § 922 (h)(1). However, self-defense is not one of the enumerated exceptions.

The constitutionality of § 922 (h)(1) was upheld in United States v. Weatherford, 471 F2d 47 (7th Cir. 1972), against the argument that the classification it creates is violative of the 5th Amendment. In Barrett v. United States, 423 U. S. 212 (96 SC

decide that question, holding that the trial judge did not err in refusing to give the defendant's requested instructions to that effect in that the facts of neither case presented such a defense.

In this case, the appellant's evidence does make out a claim of self-defense, but, as previously stated, the trial judge instructed the jury to acquit the appellant of the possession charge if the claim of self-defense was accepted. Therefore, we conclude that our decision herein is fully consistent with Scales and Hammons.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1982.

<span style="white-space:pre"></span>

*Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

---

498, 46 LE2d 450) (1976), it was held that § 922 (h)(1) prohibits a convicted felon from purchasing a firearm from a retail dealer, where the transfer from the manufacturer to the distributor was interstate although the transfer from the distributor to the dealer was intrastate. In Barrett, the Supreme Court recognized that "[t]he very structure of the Gun Control Act demonstrates that Congress . . . sought broadly to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous. These persons are comprehensively barred by the Act from acquiring firearms by any means." 423 U. S., at p. 218.