43370. STOVER v. THE STATE.
(350 SE2d 577)

GREGORY, Justice.

James Stover, Jr. was indicted for the offenses of aggravated sodomy and rape. He was convicted of sodomy as a lesser included offense of aggravated sodomy and sentenced to probation for a term of

five years.

The evidence was in sharp conflict regarding the circumstances immediately surrounding the alleged sexual acts, but there was general agreement as to the events leading up to those acts. Stover and two male companions were riding about in a pick-up truck in the late afternoon or early evening hours. They happened upon Holly Marie Capes who was walking beside the roadway and gave her a ride. The foursome spent the next several hours riding around together drinking beer and visiting here and there. Eventually they drove down a dirt road into a wooded area and stopped. It was about 10:30 p.m. Capes' testimony was that Stover forced her to commit acts of oral sodomy upon him and to have sexual intercourse with him on the open bed of the truck while one of his companions remained in the vicinity. Stover testified these acts were willingly done on his promise to pay money later.

1. Stover seeks to have this court declare the Georgia sodomy statute, OCGA § 16-6-2 (a), unconstitutional for violation of the right of privacy guaranteed by the constitutions of the United States and the State of Georgia. We do not reach those issues because Stover lacks standing to raise them in this case. Whatever the constitutional privacy rights may be of one who engages in sodomy in private places they do not attach to another doing the same in public. It has been suggested that banning of public sexual activity is consistent with protecting a liberty interest in private sexual activity.[1]

We recognize that OCGA § 16-6-2 (a)[2] criminalizes the act of sodomy without a distinction between public and private acts. But Stover's conduct was a public act. He complains of the overbreadth of the statute in that it would embrace private acts; however he fails to show " 'that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.' " *Broadrick v. Oklahoma*, 413 U. S. 601, 612 (93 SC 2908, 37 LE2d 830) (1972); *Foster v. State*, 250 Ga. 269 (297 SE2d 262) (1982). "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." *County Court of Ulster v. Allen*,

---

[1] "Statutes banning public sexual activity are entirely consistent with protecting the individual's liberty interest in decisions concerning sexual relations: the same recognition that those decisions are intensely private which justifies protecting them from governmental interference can justify protecting individuals from unwilling exposure to the sexual activities of others. But the mere fact that intimate behavior may be punished when it takes place in public cannot dictate how states can regulate intimate behavior that occurs in intimate places." *Bowers v. Hardwick*, 478 U. S. ___ (106 SC 2841, 92 LE2d 140) (1986) (Blackmun, J., dissenting.)

[2] "A person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another. A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person."

442 U. S. 140, 154-55 (99 SC 2213, 60 LE2d 777) (1979). This is not a First Amendment case where the standing requirements have been relaxed in order to allow "breathing room." *Broadrick*, supra at 611-12.

2. Stover contends his conviction will not stand because sodomy is not a lesser included offense of aggravated sodomy.

OCGA § 16-1-6 (1) provides an accused may be convicted of a crime included in a crime charged in an indictment when the crime not charged is "established by proof of the same or less than all the facts or less culpable mental state than is required to establish the commission of the crime charged. . . ."

Under OCGA § 16-6-2 (a), sodomy is committed when a person "performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." The same subsection of the Code states aggravated sodomy occurs when a person "*commits sodomy* with force and against the will of the other person." (Emphasis supplied.) Thus, aggravated sodomy is an act of simple sodomy plus the additional element: force and against the will of someone. It seems clear that the establishment of an act of sodomy is necessary to prove the offense of aggravated sodomy, and thus sodomy is a lesser included offense of aggravated sodomy under the test provided in OCGA § 16-1-6 (1).

Stover contends the rationale of *Speer v. State*, 60 Ga. 381 (1878), indicates sodomy is not a lesser included offense of aggravated sodomy. The court in *Speer* held fornication is not a lesser included offense of rape since the offenses have directly opposite characters. But here, where the legislature has intertwined the definitions of sodomy and aggravated sodomy in § 16-6-2 (a), basing one on the express inclusion of the other, we decline to extend the *Speer* rationale.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED DECEMBER 4, 1986.

*Mixson, Bondurant & Elmore, Donnal S. Mixon,* for appellant. *Christine C. Daniel, Assistant District Attorney,* for appellee. *David W. Ogden, Bruce J. Ennis, Donald N. Bersoff,* amici curiae.