### 43937. LAMBETH v. THE STATE.
(354 SE2d 144)

HUNT, Justice.

The defendant was indicted for rape, one count of aggravated (oral) sodomy and one count of aggravated (anal) sodomy and was convicted only of the lesser included offense on count three of (anal)

---

sodomy. OCGA § 16-6-2 (b). He received a sentence of five years. At trial, the victim contended that the defendant abducted her at knifepoint from a telephone booth, that while in his car, she was forced to perform oral sex, and then anal, oral and vaginal sex at his trailer. He defended on the ground that these acts were consensual.

On appeal, the defendant challenges the 20-year maximum penalty for sodomy between consenting adults in the privacy of the home as cruel and unusual punishment. He does not assert a constitutional right of privacy in the engagement of the private act of sodomy, and we do not address that issue. Compare *Stover v. State*, 256 Ga. 515 (350 SE2d 577) (1986).

The Eighth Amendment to the United States Constitution prohibits, among other things, "cruel and unusual punishments." This concept embraces not only the prohibition of torture and other barbarous punishments,[1] but also arbitrary and disproportionate sentences.[1] While ordinarily the issue of appropriate punishment is left to the legislature, the courts have the power under this amendment to declare unconstitutional those punishments which are overly severe or excessive in proportion to the offense charged. Evaluation of such statutes encompasses the application of "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U. S. 86, 100-101 (78 SC 590, 2 LE2d 630) (1958). That is, legislative discretion must be deferred to unless, under the circumstances, the sentence shocks the conscience. *Whitten v. State*, 47 Ga. 297, 301 (1872); *Thompson v. State*, 254 Ga. 393 (1) (330 SE2d 348) (1985); Anno., 33 ALR3d 326 (1970, supp. 1986).

It is, however, the sentence actually imposed, not a potentially greater sentence, which must be subjected to this constitutional scrutiny. We recently held in *Stover*, supra, 256 Ga. at 516, a case dealing with whether a constitutional right of privacy attaches to one who engages in a public act of sodomy, that, except where First Amendment rights are involved, " '[a] party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights.' *County Court of Ulster v. Allen*, 442 U. S. 140, 154-55 (99 SC 2213, 60 LE2d 777) (1979)." *Hardison v. Shepard*, 246 Ga. 196, 197 (269 SE2d 458) (1980). Thus, only where the *actual sentence imposed* upon the defendant is so grossly disproportionate as to shock the conscience will it be set aside as unconstitutional. Since the five-year sentence imposed here, which is well within the statutory twenty-year maximum, does not meet this test under the facts of this case, the defendant has presented no basis for relief. Compare *Neville*

---

[1] The Eighth Amendment is applicable to the states under the Fourteenth Amendment. *Robinson v. California*, 370 U. S. 660 (82 SC 1417, 8 LE2d 758) (1962).

*v. State,* 430 A2d 570, 581 (Md. 1981); *State v. Leadinghorse,* 222 NW2d 573, 576 (Neb. 1974); *Carter v. State,* 500 SW2d 368, 373 (Ark. 1973).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 9, 1987.

*Flanagan & Neely, Donald E. Evans,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.