## 44761. GORDON v. THE STATE.
### (360 SE2d 253)

GREGORY, Justice.

On December 3, 1986, James Howell Gordon, Jr., appellant, was convicted by a Gwinnett County jury of the offense of sodomy. Gordon was sentenced to a period of twenty years, the first ten years to be served in confinement in the state penal system. We affirm.

The facts in this case are not in dispute. Gordon was charged by the indictment with the offenses of aggravated child molestation and sodomy. Prior to trial he filed a motion to quash the sodomy portion of the indictment on constitutional grounds.[1] The motion was denied and the case went to trial on December 2, 1986. The evidence established Gordon was a homosexual. He admitted he had performed acts of oral sodomy on a sixteen-year-old boy and allowed the minor to perform acts of anal intercourse on him. The minor testified that these acts occurred in his home on at least five but no more than ten occasions. The jury found Gordon guilty of sodomy.

1. OCGA § 16-6-2 (a) (1984) provides that "[a] person commits the offense of sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another. . . ." Gordon contends that this statute violates an individual's fundamental right to privacy because the statute does not differentiate between the sex or marital status of the possible offenders and, therefore, applies equally to homosexual and heterosexual intimate relationships. The issue of the validity of this statute if used to prohibit the intimate affairs of a married, heterosexual couple in the pri-

---

[1] In his enumerations of error, Gordon refers to alleged state constitutional violations but he fails to furnish argument or citations of authority in relation thereto and, pursuant to Rule 45 of the Supreme Court of Georgia, we do not consider these grounds.

vacy of their marital bedroom we do not reach because Gordon has failed to show that " ' "his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." ' " *Stover v. State,* 256 Ga. 515, 516 (350 SE2d 577) (1986)

2. Gordon claims the sentence imposed violates the proscription in the Eighth Amendment to the United States Constitution against cruel and unusual punishment. As we held in *Lambeth v. State,* 257 Ga. 15 (354 SE2d 144) (1987) the courts must defer to the legislature in these matters unless a sentence is so overly severe or excessive in proportion to the offense as to shock the conscience. Our legislature has provided for a maximum sentence of confinement of twenty years. The trial court sentenced Gordon to ten years confinement followed by probation. We hold this sentence for repeated acts of sodomy committed against a minor does not shock the conscience. See *State v. Leadinghorse,* 222 NW2d 573 (Neb. 1974) in which a fifteen-year prison sentence following a conviction of sodomy was upheld.

3. Gordon contends he has been denied equal protection of the law because officials actually enforce the sodomy law only against offending homosexuals and not against others who violate the sodomy law. But he has not proved his contention. The manner of enforcement of the sodomy law was not established in the record.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 1987.

*Clark & McLaughlin, Michael C. Clark,* for appellant.
*Thomas C. Lawler III, District Attorney,* for appellee.