## S95A0155. KING v. THE STATE.
(458 SE2d 98)

BENHAM, Presiding Justice.

Ronald King was convicted of sodomy and child molestation with the victims being his two stepdaughters. He was sentenced on each count to a five-year prison sentence and ten years' probation, with the sentences running concurrently. His appeal to this Court consists of three constitutional attacks on the sodomy statute: that it violates the Eighth Amendment's prohibition against cruel and unusual punishment; the Ninth Amendment's right to privacy; and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments. Finding appellant's assertions to be without merit, we affirm his convictions.

1. The victim of the child molestation charge testified that appellant had seated her on his lap and fondled her genitalia several times, starting shortly after his marriage to her mother in August 1989 when she was 11. The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty of child molestation beyond a reasonable doubt. OCGA § 16-6-4 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The 16-year-old victim of the sodomy charge testified that she had, on several occasions, placed her mouth upon appellant's sex organ, with the last time being the evening before law enforcement authorities intervened. Appellant admitted to an officer that the 16-year-old had placed her mouth on his sex organ. This evidence was sufficient to authorize appellant's conviction for sodomy. OCGA § 16-6-2 (a). *Jackson v. Virginia*, supra.

2. Appellant asserts that OCGA § 16-6-2 violates the Eighth Amendment because it authorizes a 20-year maximum penalty for a single, consensual act of sodomy. Since a 20-year prison sentence was not imposed upon appellant, he does not have standing to contest whether such a sentence constitutes cruel and unusual punishment. *Lambeth v. State*, 257 Ga. 15, 16 (354 SE2d 144) (1987). Focusing on the sentence imposed upon appellant, we conclude that it does not constitute cruel and unusual punishment because it does not shock the conscience. Id.; *Lambeth v. State*, supra. See also *Ray v. State*, 259 Ga. 868 (4) (389 SE2d 326) (1990); *Gordon v. State*, 257 Ga. 439 (360 SE2d 253) (1987).

3. Appellant posits that enforcement of the sodomy statute against a consenting heterosexual couple violates the Ninth Amendment's protection of the right to privacy and intimate association. We do not reach this issue because no factfinder has established that appellant's 16-year-old stepdaughter was a willing participant in the acts. See *Ray v. State*, supra; *Gordon v. State*, supra.

4. Appellant maintains that OCGA § 16-6-2 violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments because it is selectively enforced against unmarried persons, and "victims" are not prosecuted for engaging in the consensual conduct. Since appellant has not established in the record the actual manner of enforcement of the sodomy law, he has not proved his contention that the statute is selectively enforced. *Ray v. State*, supra; *Gordon v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 5, 1995.

*Mundy & Gammage, B. Jean Crane,* for appellant.

*James R. Osborne, District Attorney, Donald N. Wilson, Assistant District Attorney,* for appellee.