A98A1009. McCROSKY v. THE STATE.
(506 SE2d 400)

ANDREWS, Chief Judge.

Virginia Sue McCrosky appeals from the judgment entered after a jury found her guilty of one count of criminal trespass. The court sentenced McCrosky to six months in jail and six months of probation. McCrosky argues on appeal that the trial court erred in not reducing her sentence and in not declaring a mistrial or continuing the trial because of her medical disability. She also claims the evidence was insufficient to support the verdict. Because we find no reversible error, we affirm.

1. The evidence was sufficient to support the jury's verdict. The jury found McCrosky guilty of criminal trespass by entering on the premises of Emory University after receiving prior notice that such entry was forbidden, a violation of OCGA § 16-7-21 (b) (2). The evidence at trial, taken in the light most favorable to the jury's verdict, showed that police officers had set up a barricade at the point where Gatewood Road intersects Emory University property in anticipation of protests over the Yerkes Primate Center. On the day in question, the protestors marched on the barricades, with some of the protestors crossing onto university property and some grabbing the barricades and shaking them back and forth. Captain Edge of the Emory University Police testified that he announced over a megaphone that anyone crossing the barricade would be arrested. Edge said he saw McCrosky cross over the line of barricades, after which officers immediately arrested her.

Another Emory police officer testified that he was at the protest and saw McCrosky cross the barricade. This officer also testified that in April 1995, he had given McCrosky a criminal trespass warning informing her that she would be subject to arrest if she did not leave university property immediately and if she ever returned to univer-

sity property at any time in the future. The officer also testified that "no trespassing" and "private drive" signs were placed in front of the barricade on both sides.

McCrosky testified in her own defense. She admitted to crossing over the barricade but said she believed the road on the other side of the barricade was a public road. She said she believed it to be a public road because the Yerkes Primate Center receives millions of tax dollars every year. She admitted that she intended to cross the police barricade and that she saw the "private drive" and "no trespassing" signs. In light of the above, we hold there was sufficient evidence to convince a rational trier of fact that McCrosky was guilty of criminal trespass beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in not declaring a mistrial or continuing the proceedings for a medical evaluation of McCrosky. Before the beginning of trial, defense counsel stated that McCrosky wished "to state her medical condition and her inability to proceed." McCrosky told the court she took Vasotec for hypertension and this medication made it difficult for her to concentrate, especially later in the day. Defense counsel said he had difficulty communicating with his client and she was unable to offer any help in her own defense.

The trial judge asked if McCrosky had a doctor's certificate, and counsel replied, "I am only asking it be put on the record." The judge refused to continue the trial and at the close of trial noted that he observed McCrosky in court prior to trial and saw no sign of any physical problem. The judge also stated that McCrosky was able to communicate adequately her medical condition and she was able to enter and leave the courtroom under her own power.

A review of the trial transcript shows McCrosky testified clearly at trial and spoke eloquently at the sentencing hearing. As there was no evidence that McCrosky was experiencing any physical or mental problems, there was no error in the court's refusal to continue the trial.

3. In her last enumeration of error, McCrosky argues that the trial court erred in not reducing her sentence and in not conducting a hearing on her motion to modify the sentence. At the outset, we note that when an appellant asserts more than one error within a single enumeration, this Court may, in its discretion, elect to review none, one or more of the errors asserted. *Toledo v. State*, 216 Ga. App. 480, 482 (455 SE2d 595) (1995).

In any event, the trial judge did not err in not holding a hearing on the motion to modify sentence. Under Uniform Superior Court Rule 6.3 which is applicable to state court proceedings, the trial court is not required to hold a hearing on a motion to modify sentence.

As to McCrosky's claim that the court erred in not reducing her

sentence, she argues that in light of the nature of her crime and her physical condition, the sentence was so excessive that it constituted cruel and unusual punishment. We disagree.

The sentence was within the statutory limits. OCGA § 16-7-21 (d) provides that the offense of criminal trespass is a misdemeanor. Misdemeanors are punished by a fine not to exceed $1,000 or by a prison term not to exceed 12 months, or both. OCGA § 17-10-3 (a) (1). Here, the court sentenced McCrosky to a prison term of six months with six months probation.

"[L]egislative enactments constitute the clearest and most objective evidence of how contemporary society views a particular punishment." *Fleming v. Zant*, 259 Ga. 687, 689 (3) (386 SE2d 339) (1989). "[L]egislative discretion must be deferred to unless, under the circumstances, the sentence shocks the conscience." *Lambeth v. State*, 257 Ga. 15, 16 (354 SE2d 144) (1987). Here, the sentence does not shock the conscience. It is well under the statutory maximum sentence allowed and is not grossly out of proportion to the severity of the crime.

McCrosky also argues that the six-month prison term violates the constitutional prohibition against cruel and unusual punishment. "A punishment is cruel and unusual if it (1) makes no measurable contribution to accepted goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." (Citations and punctuation omitted.) *Fleming*, supra at 689 (3).

Here, the State introduced evidence of a prior conviction for criminal trespass at Emory and an ordinance violation for picketing at Emory. McCrosky's previous sentence for criminal trespass was a $1,000 fine and 12 months probation. There was evidence at the sentencing hearing that McCrosky refused to fulfill the conditions of her probation sentence on the previous offense. Her subsequent conviction demonstrates that the previous sentence was insufficient punishment to deter her from committing another offense.

*Haygood v. State*, 225 Ga. App. 81 (483 SE2d 302) (1997), relied on by McCrosky, is distinguishable. In *Haygood*, the defendant was sentenced to the maximum 12 months in jail and $1,000 fine for cutting a hedge on her neighbor's property. The hedge ran along the boundary of the property line between Haygood and her neighbor, and when Haygood trimmed the bushes on her side of the line, she sheared them off some ten to fifteen inches inside the neighbor's property line. *Haygood*, supra at 82. The court initially offered Haygood a sentence of a fine of $625 and 80 hours of community service on probation and limited contact with the neighbor.

When Haygood announced her decision to appeal, the court

imposed the maximum sentence. Id. at 83-84. In light of this, and because the dispute was essentially one over a property line and Haygood had no prior convictions, we held that the maximum misdemeanor penalty could be viewed as cruel and unusual under the circumstances. Id.

Here, the maximum sentence was not imposed, and McCrosky had prior convictions for the same type of offense. Moreover, when given the chance to address the court at sentencing, McCrosky exhibited no remorse and gave no assurance that she would modify her behavior in the future. Under the circumstances, the sentence was not so excessive as to shock the conscience or rise to the level of cruel and unusual punishment. The trial court did not err in denying McCrosky's motion to reduce her sentence.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 25, 1998 —
RECONSIDERATION DENIED SEPTEMBER 11, 1998 — ■■■■■■■

*John Matteson*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Assistant Solicitor*, for appellee.