### S01A1295. ADAMS et al. v. GEORGIA DEPARTMENT OF CORRECTIONS et al.
(553 SE2d 798)

CARLEY, Justice.

Appellants are opponents of capital punishment who filed a mandamus action to prohibit appellees Georgia Department of Corrections, Commissioner Jim Wetherington and the Georgia Board of Corrections from using the electric chair as this state's means of execution. Appellees moved to dismiss, asserting that appellants lack standing and that the petition fails to state a claim for mandamus relief. After a hearing, the trial court granted the motion to dismiss, and appellants appeal from that order.

Appellants urge that, as citizens of Georgia, they have standing to seek enforcement of appellees' duty to obey the constitutional prohibition against cruel and unusual punishment. They cite as authority OCGA § 9-6-24, which provides that, in petitioning for mandamus, "it shall be sufficient that a plaintiff is interested in having the laws executed and the duty in question enforced." OCGA § 9-6-24. Under this provision, a private citizen "may turn to the judicial branch to seek to compel or enjoin the actions of one who discharges public duties 'where the question is one of public right and the object is to procure the enforcement of a public duty. . . .' [Cits.]" *Brissey v. Ellison*, 272 Ga. 38, 39 (526 SE2d 851) (2000). Therefore, the existence of standing under OCGA § 9-6-24 ultimately depends upon whether appellees owe a public duty which appellants, as members

of the public, are entitled to have enforced.

The three branches of Georgia's government have separate and distinct public duties to perform. The General Assembly enacts the laws. The judiciary interprets those laws and, when it is necessary to do so, determines the constitutionality of legislative enactments. Those in the executive branch, such as appellees, enforce the statutes passed by the General Assembly until such time as they are amended or held to be unconstitutional by the courts. Until today, under Ga. L. 2000, pp. 947, 949, § 6, as enacted by the General Assembly, electrocution remained the only method for the execution of one convicted of a capital crime committed prior to May 1, 2000. Therefore, when the trial court ruled in this case, appellees' duty was to enforce the provisions of the statute as written. Thus, contrary to OCGA § 9-6-24, appellants seek to prevent, rather than to enforce, the performance of a public duty. Appellants' challenge is to the very constitutionality of the underlying enactment pursuant to which appellees are compelled to perform their obligation of carrying out all lawfully imposed criminal sentences.

The cases which recognize the existence of standing under OCGA § 9-6-24 involve enforcement of a duty that "is . . . of a public nature, affecting the people at large. . . ." *Board of Commissioners of the City of Manchester v. Montgomery*, 170 Ga. 361, 365 (1) (153 SE 34) (1930) (resident/taxpayer has standing to enforce statutory duty to appoint city manager with responsibility for administration of all municipal departments). See also *Arneson v. Bd. of Trustees of Employees' Retirement System of Ga.*, 257 Ga. 579 (1) (361 SE2d 805) (1987) (taxpayer has standing to challenge public body's disposition of public funds); *League of Women Voters v. City of Atlanta*, 245 Ga. 301, 302 (1) (264 SE2d 859) (1980) (resident/taxpayer has standing to challenge appointive authority of a municipal officer). The duty in question must be one which affects the general public rather than a private individual. "[E]xcept where First Amendment rights are involved, ' "(a) party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." [Cit.]' [Cit.]" *Lambeth v. State*, 257 Ga. 15, 16 (354 SE2d 144) (1987). See also *King v. State*, 265 Ga. 440 (2) (458 SE2d 98) (1995); *Catchings v. State*, 256 Ga. 241, 243 (2) (347 SE2d 572) (1986).

The Eighth Amendment of the United States Constitution and the comparable Georgia constitutional provision are not intended to benefit the public at large. Appellants are not directly adversely affected by the enforcement of the statute, because they have not been charged with or convicted of a capital crime. They profess a moral objection to the statutory mandate and, to that extent, they have the right to vote for those candidates for political office who share their objective of replacing this state's method of execution.

However, the General Assembly is the sole forum for resolution of such political issues. After considerable debate, our elected legislators determined that electrocution should remain as the method for executing certain of those who committed capital crimes. In the exercise of our authority, this Court will consider and, on this very day, has now addressed the constitutionality of that enactment in the context of a case wherein the parties are adversely affected by its enforcement and who thus have the proper standing to raise the issue. See *Dawson v. State*, 274 Ga. 327 (554 SE2d 137) (2001).

If appellants have standing to challenge the method of execution used in this state, then anyone who objects to the enforcement of any particular statute would have standing to file a constitutional challenge even though he or she is not directly affected by that statute. Such a holding would render the concept of "standing" meaningless, and would contradict the long-recognized rule that a "[p]laintiff '. . . "may not assume the role of champion of a community to challenge public officers to meet him in courts of justice to defend their official acts." ' [Cit.]" *Tate v. Stephens*, 245 Ga. 519, 520 (265 SE2d 811) (1980). Because appellants raise a political challenge and seek to block, rather than to enforce, the performance of a public duty, the trial court properly dismissed the mandamus petition for lack of standing. See *Brissey v. Ellison*, supra. We need not decide whether the trial court also correctly granted the motion to dismiss the petition on the alternative ground of failure to state a claim upon which relief can be granted. See *Professional Carpet Systems v. Saefkow*, 212 Ga. App. 131 (441 SE2d 98) (1994).

*Judgment affirmed. All the Justices concur, except Sears, P. J., and Benham, J., who concur in the judgment only, and Fletcher, C. J., who dissents.*

DECIDED OCTOBER 5, 2001 —
RECONSIDERATION DENIED NOVEMBER 5, 2001.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant, Michael B. Terry, Jane E. Fahey, Rogers & Hardin, C. B. Rogers, Sutherland, Asbill & Brennan, John A. Chandler, Doffermyre, Shields, Canfield, Knowles & Devine, Ralph I. Knowles, Jr., Kilpatrick Stockton, Miles J. Alexander, for appellants.*

*Thurbert E. Baker, Attorney General, Christopher S. Brasher, James J. Phillips, Assistant Attorneys General, for appellees.*