**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 26, 2025**

# In the Court of Appeals of Georgia

A25A1211. CLARK et al. v. SKANDALAKIS et al.

PADGETT, Judge.

Following the disqualification of Fulton County District Attorney Fani Willis and her office from the prosecution of now-Lieutenant Governor Burt Jones concerning his alleged involvement to interfere with the 2020 general election, John Clark, Kenneth Dious, Randy Frails, and Chevene B. King (the "Petitioners") filed a petition for writ of mandamus seeking to compel the Executive Director of the Prosecuting Attorneys' Council of Georgia (the "PAC"), Peter Skandalakis, to appoint a conflict prosecutor under OCGA § 15-18-5. Skandalakis then appointed himself, and the Petitioners amended their petition, asking the trial court to compel him to appoint someone other than himself as conflict prosecutor under the statue.

The trial court denied the petition, finding that the Petitioners lacked standing to pursue their mandamus claims. The Petitioners appeal. For the reasons that follow we vacate and remand for the trial court to enter an order dismissing the petition.

"While we review a trial court's determination as to standing for clear error, any questions of law inherent in that decision are reviewed de novo." *Knaack v. Henley Park Homeowners Assn., Inc.*, 365 Ga. App. 375, 380 (1) (877 SE2d 821) (2022).

The record shows that in July 2022, the Superior Court of Fulton County entered an order disqualifying District Attorney Willis and her office from the prosecution of Jones concerning any alleged involvement to interfere with the 2020 general election in Georgia (the "Jones Matter"). According to OCGA § 15-18-5 (a), the executive director of the PAC is charged with appointing a substitute prosecutor in criminal matters in which a district attorney's office is disqualified. In September 2023, that court released the final report of a Special Purpose Grand Jury, which set forth findings and recommendations concerning its investigation into possible criminal interference in the 2020 general election.

In February 2024, the Petitioners filed a petition for writ of mandamus in the Superior Court of Clayton County, asking that trial court to compel Skandalakis to appoint a conflict prosecutor for the Jones Matter in accordance with OCGA § 15-18-5 (a). The Petitioners alleged that they had standing under OCGA § 9-6-24 to compel the performance of a public duty as citizens of the State of Georgia.

On April 11, 2024, pursuant to OCGA § 15-18-5 (a) (2), Skandalakis appointed himself or a designee at PAC to act as district attorney pro tempore in the Jones Matter. The Petitioners then amended their petition twice, ultimately asking the trial court to compel Skandalakis to appoint someone other than himself as the conflict prosecutor.[1] Skandalakis moved to dismiss the second amended petition. The trial court held a hearing on the motion, after which it entered an order denying the Petitioners' second amended petition for writ of mandamus for lack of standing. In particular, the trial court found that the Petitioners did not have citizen standing under OCGA § 9-6-24 because there is no public right or duty that was violated by Skandalakis's appointment of himself as prosecutor pro tempore. The trial court's

---

[1] Skandalakis had filed a motion to dismiss the original Petition. The trial court entered an order denying the petition for writ of mandamus, but later vacated and set aside that order.

order also expressly stated that because the "Petitioners lack standing to invoke the judicial power of this Court . . . this Court need not address [Skandalakis's] motion to dismiss." The Petitioners then filed this appeal.

1. *Whether the Petitioners have abandoned the issue of standing*

Skandalakis correctly notes that Petitioners do not challenge the trial court's ruling that they lacked standing to bring this case. See Court of Appeals Rule 25; *Stewart v. Johnson*, 358 Ga. App. 813, 814 (856 SE2d 501) (2021) ("any enumeration of error which is not supported in the principal brief by citation of authority or argument may be deemed abandon and we do not consider arguments that are raised for the first time in a reply brief") (citation, punctuation, and emphasis omitted). However, we will sua sponte consider standing because it is a threshold jurisdictional issue. *U-Haul Co. of Arizona v. Rutland*, 348 Ga. App. 738, 743 n.3 (824 SE2d 644) (2019) (explaining that we may examine the issue of standing sua sponte).

2. *Whether the Petitioners had citizen or community-stakeholder standing*

The trial court correctly ruled that the Petitioners did not have standing to obtain mandamus relief, a jurisdictional prerequisite. See *Cobb County v. Floam*, 319 Ga. 89, 91 (1) (901 SE2d 512) (2024) ("Standing is a jurisdictional prerequisite

necessary to invoke a court's judicial power under the Georgia Constitution.") (citing Ga. Const. of 1983, Art. VI, Sec. I, Par. I.); *Abushmais v. Erby*, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007) (lack of subject matter jurisdiction "cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal") (citation and punctuation omitted).

> Under the Judicial Power Paragraph of the Georgia Constitution, Georgia courts have the power to resolve only genuine controversies. For a genuine controversy to exist, and thereby invoke the State's judicial power, a plaintiff must have standing to sue. This is a jurisdictional requirement, mandating that a plaintiff show that he has a legal right at stake that requires adjudication to protect it. . . . A plaintiff must assert the violation of his own rights and cannot merely vindicate the rights of another.

*Republican Nat. Comm. v. Eternal Vigilance Action, Inc.*, 321 Ga. 771, 775 (2) (917 SE2d 125) (2025) (citations and punctuation omitted; emphasis omitted); see *Wasserman v. Franklin County*, 320 Ga. 624, 624 (911 SE2d 583) (2025) ("a plaintiff must assert at a minimum that she has a legal right at stake, because without a right at stake, there is no actual controversy between the parties for a court to resolve"). As the Supreme Court repeatedly has stated, the requirement that a plaintiff assert the violation of his

own legal rights to maintain an action in Georgia courts is "the bedrock requirement for invoking the judicial power granted by the Georgia Constitution." *Eternal Vigilance*, 321 Ga. at 775 (2) (quoting *Wasserman*, 320 Ga. at 640 (II) (A) (2)). This constitutional requirement necessitates a plaintiff's assertion of "cognizable injury" or "legal injury," which terms, the Supreme Court has explained, are simply "shorthand for the basic standing rule that . . . a plaintiff must assert a violation of h[is] legal rights," as distinct from an "injury in fact" only. *Wasserman*, 320 Ga. at 638-639 (II) (A) (1) (b) n.8; see *Eternal Vigilance*, 321 Ga. at 776-777 (2) (a) (the proper focus of an inquiry into standing is on "vindicating the legal rights of the parties, rather than on addressing mere factual harms").

So-called citizen or community-stakeholder standing[2] is codified under OCGA § 9-6-24, which states: "[w]here the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be

---

[2] As the Supreme Court has stated, "[a]lthough the terms 'citizens' and 'residents' are perhaps more precise (or less confusing) in cases involving a public duty, these types of cases reflect that community stakeholders — citizens, residents, voters, and taxpayers — are injured when their *local governments* do not follow the law." *Sons of Confederate Veterans v. Henry County Bd. of Commrs.*, 315 Ga. 39, 61 (2) (c) (iii) (880 SE2d 168) (2022) (emphasis added).

shown, but it shall be sufficient that a plaintiff is interested in having the laws executed and the duty in question enforced."

Citizens generally have standing pursuant to OCGA § 9-6-24 to bring a claim seeking to require a *local government* to fulfill a duty it owes to its community stakeholders (i.e., citizens, voters, residents, or taxpayers), including a duty that may have been conferred upon that local government by the General Assembly. See *Eternal Vigilance*, 321 Ga. at 781 (2) (c).

> A writ of mandamus is
>
> an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. It is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion. In general, mandamus relief is not available to compel officials to follow a general course of conduct, perform a discretionary act, or undo a past act.

*Gaddy v. Ga. Dept. of Revenue*, 301 Ga. 552, 561-562 (3) (802 SE2d 225) (2017) (citation and punctuation omitted).

Here, the Petitioners seek to have the trial court compel Skandalakis to appoint a conflict prosecutor other than himself under OCGA § 15-18-5 as a prosecutor in the

Jones Matter. However, although a citizen may have an interest in crime being prosecuted, that citizen "does not have a judicially cognizable interest in the prosecution or nonprosecution of another," and thus, lacks standing to pursue mandamus relief against a prosecuting authority when that citizen is not being prosecuted or threatened with prosecution. *Bartlett v. Caldwell*, 265 Ga. 52, 53 (452 SE2d 744) (1995) (citation omitted); *Adams v. Ga. Dept. of Corrections*, 274 Ga. 461, 461-462 (553 SE2d 798) (2001) (rejecting petitioners' arguments that, as citizens, petitioners had standing to seek mandamus, in part, because the constitutional duty to refrain from cruel and unusual punishment was owed only to those who were charged with or convicted of a capital crime, which community of potential litigants petitioners were not members).

Furthermore, we note that the Petitioners have sought mandamus against the Executive Director of the PAC, which is part of the State government, and not a local government to which community-stakeholder standing applies. OCGA § 15-18-40 (a) (establishing the PAC); OCGA § 15-18-40 (b) ("It shall be the purpose of the council to assist the prosecuting attorneys throughout the state in their efforts against criminal activity in the state"); see also *Floam*, 319 Ga. at 91 (1) ("it has long been the law that

. . . a plaintiff's membership in the community provides the necessary standing to bring a cause of action to ensure a local government follows the law[,]" and this principle is "based on precedent showing that for nearly 100 years prior to the adoption of the 1983 Georgia Constitution, Georgia had allowed citizen, taxpayer, resident, or voter suits to challenge various county and city actions without demonstrating a particularized injury because those community stakeholders had a cognizable interest in having their government follow the law.") (citations and punctuation omitted). And the Supreme Court has expressly refrained from approving community-stakeholder standing in the context of a suit against a state agency or official. See *Eternal Vigilance*, 321 Ga. at 781-784 (2) (c).

3. *Whether the trial court erred by denying the case without holding an evidentiary hearing or trial on the merits*

The Petitioners also argue that the trial court erred in not conducting an evidentiary hearing or trial on the disputed issues of fact presented by their second amended petition.

"[T]rial courts should not preliminarily resolve factual disputes regarding the merits of a claim in order to resolve a standing issue." *Rothschild v. Columbus Consol.*

*Govt.*, 285 Ga. 477, 480 (678 SE2d 76) (2009). "This does not mean, however, that parties who might lack standing will have the right to proceed to trial and bring the governmental conduct at issue to a prolonged stop. If standing can be determined without resorting to a hearing to resolve a factual issue that is identical with the claim on the merits, the plaintiff's action may be dismissed for lack of standing." Id. at 480-481.

Here, the trial court held a non-evidentiary hearing and resolved the issue of standing before resolving the factual issues of the claims against Skandalakis. Thus, the trial court did not err in resolving the standing issue without conducting an evidentiary hearing or trial. Id.

However, the trial court did err in denying the petition for a writ of mandamus. Once the trial court concluded that the Petitioners lacked standing to bring their claims against Skandalakis, the trial court lacked jurisdiction over the case. The trial court should have dismissed the case instead. Accordingly, we vacate the judgment of the trial court and remand this matter with direction that the court dismiss the complaint for relief. See, e. g., *Black Voters Matter Fund v. Kemp*, 313 Ga. 375, 390-391 (1) (870 SE2d 430) (2022) (vacating the trial court's ruling on the merits and

remanding to dismiss the complaints where no plaintiff had standing), overruled on other grounds by *Eternal Vigilance*, 313 Ga. at 780 (2) (b) n.6.

*Judgment vacated and remanded. Doyle, P. J., and Markle, J., concur.*