73083. IN RE HENRITZE.
(353 SE2d 58)

McMURRAY, Presiding Judge.

This is a criminal contempt case in which respondent was the attorney of record for a defendant in a driving under the influence case in the State Court of Spalding County. On the afternoon of March 18, 1986, respondent's client's case was called for trial, hearings were held on pre-trial motions, a jury was empaneled and sworn,

and the State began the presentation of its evidence. That afternoon court was recessed until 9:00 a.m. the following day with instructions for all parties to be present in court at that time.

On the following day at approximately 8:00 a.m., respondent telephoned the Solicitor of the State Court of Spalding County and stated that he was having automobile trouble and would be a little late. The case of respondent's client was called at 9:00 a.m. Respondent was not present. No further communication having been received from respondent the state court declared a mistrial in respondent's client's case at approximately 10:30 a.m. There was no further communication by respondent with the state court or any officer thereof subsequent to the 8:00 a.m. telephone call of March 19, 1986, until after the filing of this contempt proceeding.

The petition for contempt alleges that respondent disregarded the state court's order to be present when the trial was to resume on March 19, 1986, and that respondent wilfully and contemptuously interrupted the proceedings of the state court. Following a hearing the state court entered its findings of fact, including a finding that respondent "willfully disregarded the Order of the Court to be present for trial on March 19, 1986, and the Court finds such conduct to be highly disrespectful and contumacious." The state court also found fault with respondent's failure to telephone during the interval from 9:00 a.m. to 10:00 a.m. "to report on the situation and thus relieve the Court of the uncertainty which deprived it of an opportunity to continue with its work." Respondent appeals the trial court's order finding him in criminal contempt and imposing punishment therefor. *Held*:

Respondent contends that there is insufficient evidence upon which to base a finding of criminal contempt. "[O]n appeal of a criminal contempt conviction the appropriate standard of appellate review is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); see also *Blackburn v. Blackburn*, 249 Ga. 689, 693-4 (292 SE2d 821) (1982)." *In re Irvin*, 254 Ga. 251, 256 (2) (328 SE2d 215).

Respondent was the sole witness at the hearing and the State's evidence consisted of the cross-examination of respondent. Respondent testified on cross-examination that he started out to Spalding County on the morning of March 19, 1986, and his car flooded out. He had the automobile towed into a service station and went home to change his clothes which had been soaked in a sudden thundershower. Respondent telephoned the solicitor of the state court to whom he related these facts and requested that the state court be told that he would be there for trial. Respondent went back to the service station

and started back down to Griffin at approximately 8:45 a.m. At approximately 9:15 a.m. or 9:20 a.m. respondent's automobile "conked out" again. Respondent called a service station and had the automobile towed in. By the time he had accomplished this it was about 10:20 a.m. At approximately 10:20 a.m. or 10:30 a.m. respondent again called his office (apparently respondent had made earlier calls to his office to check in) and was informed that his client had notified his office that the state court had declared a mistrial in the client's case. Respondent did not return to his office that day as work continued on his automobile. As to the lack of subsequent communication with the state court, respondent explained that having learned of the mistrial he felt there was nothing he could do and assumed that the state court would inform him when the case came back on the calendar. Respondent stated that, "I simply assumed that if I had to appear for any reason, that the Court would notify me. It's always notified me in the past, and I have always appeared in the past."

"Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court." *Welborn v. Mize,* 107 Ga. App. 427, 428 (130 SE2d 623) (1963). See also OCGA § 15-1-4 (a) (1).

Initially we note that there is no evidence supporting the finding of fact that respondent "willfully disregarded the Order of the Court to be present for trial on March 19, 1986 . . ." The only evidence on this subject relates to respondent's difficulties with his car and suggests his inability to comply with the court's order. " 'It is essential to constitute a contempt that the thing ordered to be done be within the power of the person against whom the order is directed.' 17 CJS 48, Contempt, § 19; 17 AmJur2d 53, Contempt, § 51." *In re Brookins,* 153 Ga. App. 82, 87 (264 SE2d 560).

As to respondent's failure to communicate with the state court, we find that the evidence is not sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that respondent intended any disrespectful or contumacious conduct towards the state court. As late as 9:15 or 9:20 a.m., on the day in question, respondent was proceeding towards Spalding County. When respondent's automobile malfunctioned for the second time that day, he called to have it towed in. While the record suggests that respondent could have also called the State Court of Spalding County at that time and while, in retrospect, such may have been the optimal course of action on the part of respondent, the failure to make the best choice does not necessarily reflect disrespect for the court or contumacious conduct. Without speculating as to respondent's reasoning or motives at the time, no evidence as to which was presented at the hearing, we hold only that, under the particular facts and circumstances of the case sub judice, the one hour delay, while respondent had his automobile towed in, does not constitute a sufficient predicate from which a ra-

tional trier of fact could find the essential elements of the charge against respondent without reasonable doubt. Approximately an hour after the second failure of his car and after having his car towed in, respondent learned that a mistrial had been declared in his client's case. The State has presented neither evidence or argument to contradict respondent's assumption that, upon learning of the mistrial, there was nothing constructive he could accomplish by communicating with the state court and that, based on prior experience, he would be notified if his presence was required by the state court.

The State has failed in its burden of proof. Consequently, the state court erred in finding respondent in contempt.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*Frank J. Shannon III*, for respondent.
*John T. Newton, Jr., Solicitor*, for appellee.