## 75353. IN RE HAYES.
(366 SE2d 204)

McMURRAY, Presiding Judge.

Respondent was found in criminal contempt of court in the State Court of Coffee County, Georgia and sentenced to a fine of $100 and five days in jail. In an order styled "CONTEMPT," the trial court entered, in pertinent part, the following findings of fact:

"[Respondent] is the Solicitor of the State Court of Coffee County, Georgia. [Respondent] prepared and distributed a non-jury calendar for Monday, June 22, 1987, at 1:30 p.m. at the Law Enforcement Center, Douglas, Georgia. When court convened at 1:30 p.m., there were present in the courtroom at the Law Enforcement Center, the Judge, the Deputy Clerk, the Chief Deputy Sheriff, three representatives of the probation office, the court reporter, numerous attorneys and approximately fifty members of the audience in response to the non-jury trial calendar of twenty-nine (29) defendants. [Respondent] arrived at 1:45 p.m., thereby delaying and hindering the orderly function and disposal of business by the court. The court inquired as to the reasons for his tardiness, at which time he made no meaningful or adequate response and exhibited a casual indifference to the court's inquiry. The court pointed out to [respondent] the delays and hinderances with the dispositions of the business of the court. . . .

"[Respondent] has demonstrated a chronic habit of tardiness in his court attendance. In the morning session on June 22, 1987, at 9:00 a.m., he was over twenty minutes late. No formal action was taken at that time, but he was warned. He has been repeatedly warned on other occasions as to his attendance and tardiness. It's a rarity for him to attend court on time.

"During the conduct of the afternoon session, he withdrew from the courtroom without leave of the court and removed his jacket and sat down on the corner of counsel table to conduct the prosecution of a case. Although these matters were contrary to the proper dignity and decorum of the courtroom and occasioned further delay, no further action was taken.

"If this court appears too lenient in dealing with this problem, I

can only say that I was maintaining the operation of the State Court and hoping that my private instructions to [respondent] would overcome his youth and inexperience.

"The Bar in this county have conducted themselves properly in matters before this court, recognizing the exception being made for [Respondent]."

Respondent filed a notice of appeal and a motion for supersedeas pending appeal. The trial court denied the motion for supersedeas and respondent filed in this Court a motion for emergency relief under Rule 50 (c) of the Court of Appeals of Georgia. In order to preserve the jurisdiction of this Court and prevent the issues from becoming moot, respondent's motion for emergency relief was granted and the trial court's order of contempt was stayed during the pendency of this appeal. *Held*:

1. Respondent contends that there was insufficient evidence upon which to base a finding of criminal contempt. " '(O)n appeal of a criminal contempt conviction the appropriate standard of appellate review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); see also *Blackburn v. Blackburn*, 249 Ga. 689, 693-4 (292 SE2d 821) (1982).' *In re Irvin*, 254 Ga. 251, 256 (2) (328 SE2d 215)." *In re Henritze*, 181 Ga. App. 560, 561 (353 SE2d 58).

In the case sub judice, the trial court based its contempt order upon facts, including alleged incidents of misconduct by respondent, which are not supported by the record. In the absence of evidence establishing such facts, we must hold that the trial court was not authorized to base its finding of contempt on facts not in the record. *In re Sykes*, 151 Ga. App. 233, 234 (2) (259 SE2d 215). Compare *In re Pruitt*, 250 Ga. 836 (2) (301 SE2d 481). The only evidence in the record in the case sub judice as to respondent's alleged contempt, is that he was 15 minutes late for an appearance in court in the State Court of Coffee County, Georgia on June 22, 1987. In response to the trial court's inquiry, respondent replied that he was late because he "had an office full of people all wanting to avoid court this afternoon . . ." and that he had "spent the last fifteen or twenty minutes [before his appearance in court] talking with out-of-town defendants [about] State Court business . . . ."

" 'Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court.' *Welborn v. Mize*, 107 Ga. App. 427, 428 (130 SE2d 623) (1963). See also OCGA § 15-1-4 (a) (1)." *In re Henritze*, 181 Ga. App. 560, 562, supra. While not condoning respondent's tardy appearance in court, we hold that the 15-minute delay while respondent was conducting business of the State

Court of Coffee County, Georgia, does not constitute a sufficient predicate from which any rational trier of fact would find the essential elements of the charge against respondent without reasonable doubt. In this regard, we observe that there was no competent evidence as to respondent's motives at the time and, contrary to the trial court's findings, we find nothing in the record reflecting a contumacious or disrespectful "indifference" by respondent to the trial court's inquiry. Consequently, having failed in its burden of proof, the state court erred in finding respondent in contempt. See Judge Edward H. Johnson and Richard D. Reaves, Contempt of Court in Georgia, 23 Georgia State Bar Journal 66 (1986).

2. Respondent's remaining arguments are moot in light of our holding in Division 1 of this opinion.

*Judgment reversed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED FEBRUARY 12, 1988.

*Dewey N. Hayes, Jr.*, pro se.
*T. V. Williams, Jr.*, pro se.
*William A. Turner, Jr.*, amicus curiae.