A96A2546. HAYGOOD v. THE STATE.
(483 SE2d 302)

BEASLEY, Judge.

1. Haygood was convicted of criminal trespass and contends the evidence was insufficient to show she acted with criminal intent. The charge stemmed from an incident in which Haygood trimmed a hedge located on the property of her neighbor King. As relevant here, "A person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another per-

son without his consent." OCGA § 16-7-21 (a).

Sufficiency of the evidence is reviewed with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979); *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

Haygood and King had a history of difficulties, including disputes over the location of their common property line. King testified that before the incident a survey was performed on the boundary line. Photographs showed the relation of surveyor's stakes and metal pins to utility installations, and the relation of the utility installations to the hedge. When planting his hedge, King placed the individual bushes 15 to 18 inches on his side of the surveyed property line.

King learned that the bushes had been sheared on Haygood's side of the hedge in a vertical line parallel to the property line some ten to fifteen inches on King's side of the property line. There was then a gap roughly a foot wide between his hedge and Haygood's property. In addition, he considered the manner in which the hedge was trimmed aesthetically unpleasing as he usually trimmed the hedge in a rounded shape. When he would trim, he did so on all sides while standing on his own property and reaching over. He also testified that Haygood's cutting reduced the volume by about a third, and he was concerned that the hedge would not grow back properly.

The other State's witness testified that he saw Haygood, while standing on her property, trim the hedge on the day in question, the Friday of Labor Day weekend in 1995. Haygood, who acted pro se, did not introduce any evidence.

She argues, in part, that there is no evidence she intentionally damaged King's property because his opinion concerning the aesthetics of the hedge and his concern for its future growth do not show any damage to its value. The jury had ample evidence from which to conclude that Haygood intentionally damaged King's property to a degree having some monetary value, without King's consent, by her foot-wide encroachment with her hedge clippers. The evidence of the marked survey and the history of the property line dispute between the neighbors authorized the jury to find that Haygood acted with knowledge that what she cut was on King's property.

Citing *Bowman v. State*, 258 Ga. 829 (376 SE2d 187) (1989), Haygood urges that no criminal intent was shown because she was acting on a good faith belief that she was trimming the hedge on her property. Trimming the hedge exactly vertically to the property line would be consistent with her property right, which extends upward along the property line indefinitely. OCGA § 44-1-2 (b). *Bowman* ruled that a defendant who could establish a good faith reliance on a surveyor's opinion as to what property was public and what was pri-

vate, could not be found to have "knowingly" remained on the property of another after receiving notice to depart, under OCGA § 16-7-21 (b) (3). Id. at 831, 833. There is no evidence of any survey showing the boundary lay along the line where Haygood cut the hedge. There is no evidence Haygood ever contended or believed the property line lay where she cut the hedge. There was no evidence to support an argument that she thought the property line was where she cut the hedge, much less require the jury to so find. Although Haygood was not obligated to produce any evidence, in order to assert a good faith defense as done in *Bowman*, there must be evidence to support it. The only evidence of where the property line might be was the prior marked survey, and the jury could find Haygood knowingly ignored it.

2. In her second enumeration of error, Haygood contends the court exceeded constitutional bounds against cruel and unusual punishment in sentencing her to the maximum 12 months in jail and $1,000 fine, with surcharges totaling an additional $200. See OCGA §§ 16-7-21 (c); 17-10-3 (a) (1).

She relies on the principles applied in *Fleming v. Zant*, 259 Ga. 687, 689-690 (3) (386 SE2d 339) (1989), a case decided on the state constitutional ground. See Ga. Const. of 1983, Art. I, Sec. I, Par. XVII. Among the tests devised to measure whether a sentence is legally acceptable or not is to question whether it is "grossly out of proportion to the severity of the crime." (Citations and punctuation omitted.) Id. at 689. It is not a static concept but evolves as society matures. Thus the courts must consider objective evidence such as legislative enactments. These are "the clearest and most objective evidence of how contemporary society views a particular punishment." Id.

In this instance the legislature provided the whole range of misdemeanor punishment generally to all types of criminal trespass. OCGA § 16-7-21 (c). Considered in a broader context, this is the range for the commission of even the most egregious criminal trespass or other misdemeanor, including ones where personal violence such as simple battery is involved. OCGA § 16-5-23 (a) and (b). The maximum term of imprisonment is the same for misdemeanors of a high and aggravated nature. OCGA § 17-10-4 (a). Confinement can be in local or state custody. Sentences can be suspended or probated. Sentences can be loss of liberty or fine or both. Part-time confinement, such as on weekends or nonwork hours, can be imposed. The legislature left great leeway and a wide degree of discretion to the sentencing court, in all types of misdemeanor cases.

In Donna Haygood's case, the trial court first offered her a choice of the ultimately imposed sentence or a fine of $625 and 80 hours of community service on probation, with the additional condition of lim-

ited contact with the Kings. While defendant was trying to understand the consequences of choosing either one on her right to appeal, and after she made known her decision to appeal, the court imposed the maximum sentence. Since the court could not penalize defendant for appealing, and since the court determined that the crime warranted either sentence, we must conclude that the court viewed the two choices to be equal in severity. But loss of liberty, which in this case would be an extended removal from society and family, differs drastically from monetary punishment and probation with conditions. The disparity is an indication of the gross disproportion. So also is the nature of this particular trespass, which is in the main a property line dispute made manifest by defendant's trimming of her neighbor's hedge approximately one foot on his side of the property line. An additional consideration is the status of the defendant, who had no prior valid convictions. Although she had been convicted of violating a local ordinance, the conviction was reversed. *Haygood v. State*, 221 Ga. App. 477 (471 SE2d 552) (1996).

Application of the "standard of decency" which marked the Supreme Court's adjudication of the constitutionality of the sentence in *Fleming* leads us to conclude that imposing on Haygood the maximum misdemeanor punishment would be viewed by society as "cruel and unusual" in the constitutional sense of disproportionality.

The conviction is affirmed, but the sentence is vacated and the case remanded for resentencing in conformity herewith.

*Judgment affirmed, sentence vacated, and case remanded. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 13, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997 — 

*Christopher J. McFadden*, for appellant.
Donna E. Haygood, *pro se.*
*Leslie C. Abernathy, Solicitor*, for appellee.

