A97A1884. IN RE CHARLES T. BRANT.
(496 SE2d 321)

ANDREWS, Chief Judge.

Charles T. Brant, an attorney, appeals from the judgment holding him in criminal contempt of court and fining him $150. Brant brings several enumerations of error, among which is his claim that the evidence was insufficient to support the judgment. We disagree and affirm.

In reviewing an appeal from a criminal contempt conviction, this Court must determine whether, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." (Emphasis omitted.) *In re Smith*, 205 Ga. App. 857, 858 (424 SE2d 45) (1992). See also *In re Crane*, 253 Ga. 667, 670 (324 SE2d 443) (1985).

Here, the evidence showed that Brant represented a criminal defendant whose case was first on an 8:30 a.m. trial calendar. When the court called the calendar, Brant was not in the courtroom. The court then took pleas and attended to other business, after which the judge called the calendar again. Brant was not in the courtroom for the second calendar call.

The judge called Brant up to the lectern after Brant returned to the courtroom and asked Brant where he had been. Brant stated he had been in the courtroom earlier but was in the bathroom when the judge called the calendar the first time. Brant said he returned to the courtroom while the judge was taking pleas but left to go to his car

and get some papers. The judge found Brant in contempt for failing to appear at the calendar calls. The court's order stated that as a result of his failure to answer two calendar calls, Brant "caused numerous other attorneys, witnesses, and parties to be inconvenienced. . . . The Court and many others, including summoned jurors awaiting call to the courtroom, simply had to wait ten to fifteen additional minutes for Mr. Brant's appearance in the courtroom."

Eight days later, the court entered a supplemental order in which it described several other instances of Brant's "contemptuous conduct." This order stated that Brant "misquoted evidence to the jury," was "habitually tardy and disrespectful," and "lied about his asserted inability to obtain a transcript of a previous trial."

1. In determining whether there was sufficient evidence to support the verdict, we note that "[d]uring trial, a trial judge has the power, when necessary to maintain order in the courtroom, to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing." *Dowdy v. Palmour*, 251 Ga. 135, 141-142 (2) (b) (304 SE2d 52) (1983). Although Brant was given an opportunity to explain why he was not present at the calendar calls, he never had an opportunity to respond to the charges in the supplemental order. Therefore, we consider only whether Brant's failure to appear for the calendar calls was sufficient to support the judgment of contempt.

"Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court, but it also includes the interruption of the proceedings." (Citations and punctuation omitted.) *In re Booker*, 195 Ga. App. 561, 564 (4) (394 SE2d 791) (1990). "Implicit within the definition of direct, summary contempt is a finding that the conduct is in the presence of the trial court and results in an interference with the court's ability to administer justice." *In re Adams*, 215 Ga. App. 372, 375 (450 SE2d 851) (1994).

Here, it is undisputed that Brant knew he was to be in court for the 8:30 calendar call. Although he arrived at the courthouse on time, he missed not only the 8:30 calendar call but a later one as well. Because Brant disregarded the court's command, he disrupted court proceedings and interfered with the orderly administration of justice. See OCGA § 15-1-4 (a); *In re Shafer*, 216 Ga. App. 725, 726 (455 SE2d 421) (1995).

*In re Hayes*, 185 Ga. App. 818 (366 SE2d 204) (1988) and *In re Henritze*, 181 Ga. App. 560 (353 SE2d 58) (1987), relied on by Brant in support of his argument that the evidence was insufficient, are not

to the contrary. In *Hayes*, the Solicitor of the State Court was 15 minutes late for a non-jury trial calendar. He stated that he was late because he "'had an office full of people all wanting to avoid court this afternoon. . . .'" *Hayes*, supra at 819 (1). We found this evidence insufficient to support a finding of contempt. In *Henritze*, the attorney had car trouble and called the court to say he would be a little late. After getting the car started, the engine failed again and the car had to be towed. By this time, the attorney was two and one-half hours late and the court was forced to declare a mistrial in the criminal case of the attorney's client. Again, we found this insufficient evidence of contempt.

These cases are not on point. In both instances, the attorneys were late due to circumstances beyond their control. Here, Brant was in court before the calendar and chose to leave before the calendar was called, returned and chose to leave again before the calendar was called for the second time.

Therefore, for the reasons outlined above, the evidence was sufficient for a rational trier of fact to find the elements of the offense of contempt beyond a reasonable doubt.

2. Next, Brant argues the court should have recused itself from hearing the contempt charge. Brant admits he did not ask the trial judge to recuse himself, but argues the judge should have recused himself sua sponte. Brant cites no authority for this proposition, and we find none. Indeed, case law is to the contrary. If appellant fails to make a motion to recuse, there is no error. *In the Interest of A. L. L.*, 211 Ga. App. 767, 769 (440 SE2d 517) (1994); *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467, 469 (326 SE2d 827) (1985).

3. Brant also claims he was not afforded due process of law because the trial court failed to give him reasonable notice of the contempt charge, the right to counsel, the opportunity to be heard, and the right to present evidence in mitigation before the court imposed punishment. Brant admits he never raised lack of notice to the trial court and never requested counsel or the opportunity to be heard and present evidence; however, he argues the trial court should have afforded these opportunities to him sua sponte. Again, Brant cites us to no authority for this proposition, and we find none. Rather, case law is to the contrary. Pretermitting the issue of whether or not Brant was entitled to a further hearing with opportunity to engage counsel, he never voiced any objection to the manner in which the trial court decided the issue. "Where a party charged with contempt voluntarily appears and defends against the contempt proceedings, it is not required that he be served with a rule nisi." (Citations and punctuation omitted.) *In the Interest of A. L. L.*, supra at 769 (3).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 22, 1998

Lee Sexton, for appellant.

Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney, for appellee.