A99A2095. In re MAULDIN.
(529 SE2d 653)

ANDREWS, Presiding Judge.

Having been convicted of criminal contempt for failure to appear for jury duty, Jermaine Dupri Mauldin appeals, contending that the evidence was insufficient to show wilfulness; the sentence imposed amounted to cruel and unusual punishment; and the trial court violated his right to due process by failing to allow him to address the court directly and present his defense in his own words. Finding no error, we affirm.

The following facts were stipulated by the parties. Mauldin was a Fayette County resident and received a summons for jury duty, requiring his presence for the Civil Jury Calendar of Fayette County Superior Court for the week of March 1, 1999. On March 1, he arrived at the superior court for jury duty at 9:00 a.m. and sat outside the jury room until a court official closed the door, at which time Mauldin entered the jury room. Mauldin was sworn in as a pro-

---

spective juror and remained with the other jurors for several hours until he was informed that he was excused until March 3, 1999, at 9:00 a.m.

Mauldin, a professional music entertainer and producer, had a commitment to perform in the Hard Knock Life tour at the Meadowlands in New Jersey on March 3. This commitment was made prior to receipt of his jury summons. On March 2, Watkins of So So Def Recordings, Inc., Mauldin's company, notified Mauldin's attorney, Dial, that he would be unable to attend jury duty because of his New Jersey obligation and asked Dial to notify the court and request a waiver of jury duty.

Dial spoke with Albritton in the superior court clerk's office, conveyed this information, and requested a waiver of the March 3 jury service. Dial was informed that no waiver would be granted, and Dial so notified Watkins. Watkins attempted, but was unable, to contact Mauldin, and Mauldin did not receive this information before March 3. He did not appear for jury duty.

Mauldin, through his attorneys, had previously obtained three waivers of jury service from the Fayette County Superior Court. On September 14, 1998, he had been granted a waiver in order to fulfill a prior professional commitment in Europe.

Mauldin acknowledged that he acted inappropriately in failing to ascertain whether the waiver had been granted before deciding not to return on March 3; that he acted inappropriately in failing to return on March 3; and that he, like all citizens, must adhere to all legally required civic obligations, including jury duty.

Additionally, at the contempt hearing, evidence was adduced that Dial, after being advised that no waiver would be given, inquired of the possible penalties for failure to appear. Dial then notified So So Def Recordings of the denial of waiver, but Dial did not have a phone number, beeper or cell phone number through which she could contact Mauldin directly. Dial never advised Mauldin that he could leave town.

1. Mauldin first challenges the evidence of wilfulness in his failing to appear.

On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court. (Cita-

tions and punctuation omitted; emphasis in original.) *In re Gouge*, 206 Ga. App. 462, 463 (1) (425 SE2d 882) (1992).

*Barlow v. State*, 237 Ga. App. 152, 157 (513 SE2d 273) (1999).

Mauldin's argument is premised primarily on *In re Hayes*, 185 Ga. App. 818, 819 (1) (366 SE2d 204) (1988), in which the solicitor was 15 minutes late to court because he "had an office full of people all wanting to avoid court this afternoon. . . ." Id. In addition to finding this conduct alone insufficient, this Court noted that the trial court had also relied on evidence not contained in the record.

Further, as noted in *In re Brant*, 230 Ga. App. 283, 285 (1) (496 SE2d 321) (1998), *Hayes* involved a situation in which the contemnor was late due to circumstances beyond his control and, as noted in *Hayes*, supra, while the solicitor was going about the duties of the state court, although not present in the courtroom.

*Brant* is more factually similar to the present situation. There, attorney Brant was representing a client whose case was first on an 8:30 a.m. trial calendar. Brant was not present when the court called the calendar. The court then conducted other business and called the calendar a second time, but Brant still was not present. Brant stated he was in the bathroom during the first call and was going to his car to get some papers during the second, although he had been in court in the interim. Because Brant disrupted the court proceedings and interfered with the orderly administration of justice by disregarding the court's command, his conviction of criminal contempt was upheld.

Here, Mauldin knew he was supposed to return at 9:00 a.m. on March 3 but instead made the conscious choice to honor a previously made commitment. That he asked his secretary to ask his lawyer to ask the court for another waiver before he left town does not, as argued by him, negate the wilfulness of his act in disregarding his duty to appear absent obtaining the waiver.

In this regard, his case is similar to *In re Spruell*, 227 Ga. App. 324, 325 (1) (489 SE2d 48) (1997). There, attorney Spruell was retained on the Thursday night preceding a DUI trial the following Monday. Spruell was already scheduled to leave the country on Friday for a remote area where he was going to take an extended vacation. Spruell filed a request for leave of absence and, subsequently, a motion for continuance but left town without knowing if the request had been granted.

Spruell contended that his conduct was not contemptuous because "it was impossible for him to appear on Monday, and one cannot be held in contempt for failing to do an act which is impossible for him to do." *Spruell*, supra. Unlike *Thomas v. Dept. of Human Resources*, 228 Ga. App. 518 (492 SE2d 288) (1997), relied upon by Mauldin, in which the employee was without authority to alter the

decision found contemptuous, both Spruell's and Mauldin's own conduct created the "impossibility" upon which they attempted to rely.

The evidence was sufficient.

2. Although acknowledging that the sentence imposed was within the statutory limits,[1] Mauldin complains that three days[2] of incarceration was cruel and unusual punishment, relying on *Haygood v. State*, 225 Ga. App. 81, 83 (2) (483 SE2d 302) (1997).

*Haygood* involved imposition of 12 months incarceration, a $1,000 fine (the maximum imprisonment and fine), and surcharges of $200 for Haygood's criminal trespass by cutting her neighbor's hedge and thereby encroaching a foot over their joint property line, which had been a matter of dispute. This Court found that sentence "grossly out of proportion to the severity of the crime." Id. There, however, the trial court had initially offered Haygood a sentence of a fine of $625, 80 hours of community service on probation, and limited contact with her neighbor. When Haygood announced her intention to appeal, the maximum sentence was imposed. In light of this fact and because the dispute was basically over a property line, the maximum misdemeanor penalty was found cruel and unusual. *McCrosky v. State*, 234 Ga. App. 321, 323-324 (3) (506 SE2d 400) (1998).

Here, in contrast, the sentence imposed is rationally related to the contempt (failure to appear for his three remaining days of jury service), is within the statutory limits, does not appear grossly out of proportion to the conduct exhibited, and was not imposed after offering a lesser alternative which was withdrawn after the expression of the contemnor's desire to appeal.

" 'A determinate sentence which falls within statutorily mandated parameters is not subject to attack on Eighth Amendment grounds. (Cit.)' [Cits.]" *Inglett v. State*, 239 Ga. App. 524, 529 (9) (521 SE2d 241) (1999). See *McCrosky*, supra.

That other sentencing options were put forward by the stipulations entered into by Mauldin and the State does not alter the conclusion that the trial court properly exercised its discretion in imposing sentence. *Hunter v. State*, 237 Ga. App. 803, 806 (3) (517 SE2d 534) (1999).

3. Finally, Mauldin contends he was deprived of due process by the trial court's failure to "allow [him] to address the court directly and to present his defense in his own words," based on *In re Spruell*, 200 Ga. App. 218 (407 SE2d 451) (1991).

At the beginning of the hearing, held pursuant to notice and based on a written petition for contempt, counsel for Mauldin stated

---

[1] OCGA § 15-6-8 (5) provides for imposition of a fine not exceeding $500 and imprisonment not exceeding 20 days.

[2] Mauldin missed his remaining three days of jury service.

to the court that "[i]t is not our intent to present any evidence other than what's been included in the stipulation."

The argument that he was thereafter deprived of due process is premised solely on the following statements of counsel:

> [W]hat you've got is a person who had business commitments out of town but now recognizes and understands that his jury duty responsibility is the same as anybody else's and, *basically would like to appear to the court rather than in an evidentiary forum simply to apologize to the court for the error*, and try to reach agreement as to what the appropriate response or penalty should be.

(Emphasis supplied.)

Thereafter, counsel said, "[h]e is here though and certainly is more than willing to express directly to the Court his sincere remorse and contrition over this."

And finally, counsel stated, "[a]gain, Your Honor, nothing further from us, other than to the extent the Court would like to hear directly from Mr. Mauldin."

It is obvious from these statements that Mauldin was resting on the evidence as reflected in the stipulation and the argument made by his counsel. He was offering to further address the court, not to present evidence but to apologize, if the court so desired. That the court did not so desire cannot in any way be said to have deprived Mauldin of due process. Compare *In re Spruell*, 227 Ga. App. at 326 (2).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 11, 2000 —

*Kilpatrick Stockton, Michael W. Tyler, Audra A. Dial*, for appellant.

*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney*, for appellee.