## A02A1950. KEYTON v. THE STATE.
(571 SE2d 423)

ELDRIDGE, Judge.

This is an appeal of a 12-month jail sentence imposed pursuant to the entry of a guilty plea to driving with an expired tag.

An accusation was filed in the State Court of Fayette County charging Clinton Keyton with prowling and driving with an expired tag. A co-defendant, Marcus Franklin, was charged in a separate accusation with prowling. Keyton and Franklin entered not guilty pleas to prowling, waived a jury, and went to bench trial on the charge. Just prior to the start of trial, Keyton entered a nonnegotiated guilty plea to the expired tag charge.

During trial, the police officer who stopped Keyton's car testified. The trial court learned that the offense of driving with an expired tag arose at 1:45 a.m.; that Keyton and his co-defendant were driving slowly down a deserted street and made a u-turn in the middle of the road; that Keyton was driving; that the only business open in that area was a 24-hour convenience store close to where the officer spotted Keyton's car; that Keyton was heading toward the convenience store when the officer pulled in behind him; that Keyton's license tag was expired; that, after the officer came in behind his vehicle, Keyton turned into a deserted business park; that the officer stopped Keyton for driving with an expired tag; that Keyton stated he had gotten lost while trying to locate the house of a girl he had met over the Internet; that Keyton could not provide directions for such house; that a black wig was beside Keyton's knee; that, although it was October 21, Keyton stated the wig was for Halloween; that a ski mask and box cutter were underneath the passenger seat of Keyton's car; that Keyton was wearing a dark jogging shirt and jogging pants, under which he was wearing blue jeans and an orange t-shirt. The State introduced as exhibits the black wig, the ski mask, and the box cutter.

At the close of the State's case, Keyton moved to dismiss the prowling offense because the specific location of the offense alleged in the accusation drawn against him, 349 Kenwood Road, was not the location proved at trial, i.e., the intersection of Kenwood Road and Highway 85. The trial court granted the motion. The location apparently being correctly stated in the accusation drawn against Franklin, the case continued; Franklin called a witness who testified that the mask found in the car had been issued to Keyton six months earlier as a part of his three-week employment at a cold storage facility. At the close of evidence and following argument, the court found Franklin guilty of prowling.

A sentencing hearing was held wherein the trial court heard evidence and argument in aggravation and mitigation of sentence on

Keyton, as well as Franklin. The State introduced evidence that Keyton was on probation for a 1998 armed robbery and that, at the time of the incident, Franklin was out on bond awaiting trial on armed robbery charges. Keyton's wife offered testimony in his behalf. The trial court sentenced Franklin to 12 months in jail on the prowling offense. Thereafter, the court sentenced Keyton to 12 months in jail on the charge of driving with an expired tag. In so doing, the trial court stated,

> Mr. Keaton [sic], it is very rare that someone goes to jail for an expired tag violation. I know that is a very minor offense. But, sir, I find that you committed the relatively minor offense of driving with an expired tag while in the commission of prowling, even though it was at a different location as alleged in the accusation. For that reason, I sentence you to 12 months in the county jail.

*Held*:

1. Keyton contends the trial court erred in considering the factual context in which the driving with an expired tag occurred because the prowling offense was dismissed against him and, thus, Keyton "never had the opportunity to put up his defense." We disagree.

> In a presentence trial the trier of fact must make a determination as to the sentence to be imposed, taking into consideration all aspects of the crime, the past criminal record or lack thereof, and the defendant's general moral character. Any lawful evidence which tends to show the motive of the defendant, [his] lack of remorse, [his] general moral character, and [his] predisposition to commit other crimes is admissible in aggravation. Actions that are part of the res gestae are included in the type of evidence that may be considered. Here, evidence of appellant's actions . . . would have been admissible at a trial as part of a course of criminal conduct because it was part of the res gestae of the charged crime, and thus the evidence could be admitted in the sentencing hearing.[1]

In addition,

> [g]enerally, all the circumstances connected with a defendant's arrest are admissible as part of the res gestae. And rel-

---

[1] (Citations and punctuation omitted.) *Ansley v. State*, 197 Ga. App. 765-766 (399 SE2d 558) (1990). See also *Phillips v. State*, 241 Ga. App. 689, 690 (527 SE2d 283) (1999).

evant evidence will not be excluded merely because it incidentally shows the commission of another crime, puts the defendant's character at issue, or is prejudicial, where that evidence is admitted for the purpose of showing the circumstances of the arrest.[2]

Here, dismissal of the charged offense of prowling due to a technical variance between the location alleged in the charging instrument and the location proved at trial did not negate the State's proof of the facts surrounding the commission of driving with an expired license tag. In that regard, if sentencing on Keyton's guilty plea had occurred at the time of its entry, the State would have been permitted to articulate all of the above facts surrounding the driving with an expired tag offense as part of the res gestae and the circumstances surrounding arrest.[3] That sentencing was postponed and the evidence brought out during bench trial does not impact on the propriety of the court's consideration of proved facts in aggravation of sentence on Keyton's guilty plea.

Keyton's reliance on our decisions in *Newby v. State*[4] and *Minis v. State*[5] is misplaced. When imposing sentence in *Minis*, the trial court considered evidence of a similar transaction offense *separate* from the one for which the defendant was on trial; during sentencing in *Newby*, the trial court considered evidence of a *separate* offense about which a jury — as trier of fact — was still deliberating Newby's guilt or innocence. In the instant case, however, Keyton pled guilty to driving with an expired tag, the trial court was the trier of fact, and the circumstances surrounding the commission of the offense of driving with an expired tag were not separate and unrelated to that offense.

Further, in a nonnegotiated guilty plea context, "putting up a defense" to the State's factual presentation in aggravation of sentence is by way of introduction of factual evidence in mitigation of sentence. The record shows that, during the sentencing hearing, Keyton was given ample opportunity to present evidence in mitigation of the State's evidence as to the factual context in which the driving with an expired tag occurred. No such mitigating evidence was offered; nor was any argument made with regard thereto. In addition, no mitigating evidence in contradiction to the State's case was offered at motion for new trial. As the trial court found, "There really was no mitigation of any merit put forth at the sentencing on this

---

[2] (Footnotes omitted.) *Gober v. State*, 249 Ga. App. 168, 173-174 (6) (547 SE2d 656) (2001).

[3] *Boney v. Tims*, 254 Ga. 664, 665 (333 SE2d 592) (1985).

[4] 161 Ga. App. 805, 810-811 (5) (288 SE2d 889) (1982).

[5] 150 Ga. App. 671, 675 (258 SE2d 308) (1979), overruled in part, *Boney v. Tims*, supra at 665.

case." Moreover, before this Court, Keyton has not put forth a factual basis for the existence of any evidence in mitigation of the State's evidence considered in aggravation of sentence. Accordingly, this claim of error is without merit.

2. Keyton contends that sentencing him to the maximum 12-month jail sentence for driving with an expired tag is cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution because the sentence was grossly disproportionate to the offense. We disagree.

"Evidence in aggravation is not limited to convictions, and reliable information tending to show a defendant's general bad character is admissible in aggravation."[6] Even when pleading guilty to a specific offense, such offense does not occur in a vacuum; and, as noted above, a trial court is not obligated to ignore the factual context in which an offense occurred when determining an appropriate sentence within statutory parameters. Here, the trial court presided over the trial of the case. From the record, it is clear that the court viewed the factual context in which Keyton committed the offense of driving with an expired tag when imposing sentence thereon. In addition, the court properly considered Keyton's first offender probation for armed robbery and the fact that Keyton was consorting with Franklin who, at the time, was facing armed robbery charges.[7] The trial court clearly found aggravating circumstances sufficient to justify imposing the maximum sentence. As the record supports the existence of such aggravating factors, we find no error.

Our decision in *Haygood v. State*[8] upon which Keyton relies is inapposite. Therein, a trespass arose when Haygood, who had no criminal record, trimmed a hedge on her neighbor's property. The trial court imposed the maximum 12 months in jail and $1,000 fine when Haygood indicated she would appeal her conviction — this, although the court had originally been willing to impose probation and a $625 fine prior to Haygood's decision to appeal. This Court considered the lack of criminal record, the essentially benign nature of the trespass, and the disparity between the original sentence and the sentence imposed punitively for the exercise of the constitutional right to appeal. We determined, based on all of these factors, that the sentence imposed demonstrated a "constitutional . . . disproportionality."[9] In the instant case, by contrast, Keyton has a criminal record, the facts surrounding the commission of the offense were not benign,

---

[6] (Citations omitted.) *Williams v. State*, 258 Ga. 281, 287 (7) (368 SE2d 742) (1988).

[7] Id. at 287; *Williams v. State*, 228 Ga. App. 622, 623 (3) (492 SE2d 290) (1997) ("first offender indictment, plea, and sentence are admissible at a sentencing hearing").

[8] 225 Ga. App. 81 (483 SE2d 302) (1997).

[9] Id. at 84 (2).

and there is no evidence that the sentence was punitively imposed for the exercise of a constitutional right.[10]

In this case, when determining the appropriate sentence, the trial court was authorized to consider all of the evidence surrounding the commission of the offense and to give it such weight as the court considered proper under the circumstances. After doing so, the trial court imposed a sentence within statutorily permissible bounds. "A determinate sentence which falls within statutorily mandated parameters is not subject to attack on Eighth Amendment grounds."[11]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 13, 2002.

*Peters, Roberts, Borsuk & Rubin, Robert G. Rubin*, for appellant.
*Steven L. Harris, Solicitor-General*, for appellee.

---

[10] Accord *In re Mauldin*, 242 Ga. App. 350, 353 (2) (529 SE2d 653) (2000); *Inglett v. State*, 239 Ga. App. 524, 529 (9) (521 SE2d 241) (1999); *Gidey v. State*, 228 Ga. App. 250, 252-253 (3) (491 SE2d 406) (1997).

[11] (Citations and punctuation omitted.) *In re Mauldin*, supra at 353.