## A06A0075. IN RE OTUONYE.
(631 SE2d 500)

PHIPPS, Judge.

Vincent Otuonye appeals a state court order removing him as appointed legal counsel for two indigent criminal defendants and further denying his request to bill the county for any services provided to the defendants. Because Otuonye has failed to demonstrate any reversible error, we affirm.

On November 30, 2004, Otuonye failed to appear at a 9:00 a.m. call of the jury pre-trial calendar for the two clients. The court asked the clients about Otuonye's whereabouts and whether they had any contact with him. The defendants reported that they did not know of Otuonye's whereabouts and that they had not had any contact with him. They further requested that a different attorney be appointed to represent them. The court checked with its secretary, the solicitor-

[15] Id. at 597.
[16] Id.
[17] 240 Ga. App. 329, 331 (3) (523 SE2d 395) (1999).

general, and the clerk, inquiring whether they knew of Otuonye's whereabouts or the reason for his absence. They answered they did not. Otuonye had filed no conflict letter. The court granted Otuonye's clients' requests for new counsel.

Thereafter, at about 10:30 a.m., Otuonye appeared in the courtroom. Otuonye explained to the court that he had been in superior court that morning for 9:00 arraignments and that not until between 9:20 and 9:40 a.m. did he realize that he had forgotten to file written notification with the state court of his scheduling conflict. Otuonye told the court that when he then attempted to contact the chambers by telephone, he reached "an answering machine to the effect that this telephone number has been disconnected and no further information is available on that line."

The court informed Otuonye that the telephone line for its chambers had not been disconnected; that in open court, it had inquired of his clients about his whereabouts; that neither of them — nor the solicitor-general, the clerk, or the court's secretary — had any information regarding his whereabouts or the reason for his absence; and that after completing the call of the calendar, the court had appointed new counsel for the two defendants so that their interests were represented and so that the court could proceed.

Otuonye asked to be allowed to bill the county for representing the two defendants prior to the calendar call. The court denied the request as a sanction against Otuonye and further admonished the attorney for previously failing to file conflict letters and breaching other professional standards.

1. Otuonye contends that the state court erred by refusing to allow him to bill the county for legal services rendered to the criminal defendants, arguing that he is entitled to recover under the theory of quantum meruit.

The record shows that the court effectively held Otuonye in criminal contempt,[1] punishing him by removing him from the defendants' cases and by imposing a fine in the amount of earned fees — if any. "Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court."[2] When necessary to maintain order in the courtroom during a proceeding, a trial judge has the power "to declare conduct committed in his presence and observed by him to be contemptuous, and, after affording the contemnor an

---

[1] See, e.g., *In re Charles T. Brant*, 230 Ga. App. 283 (496 SE2d 321) (1998); *In re Michael Edward Bergin*, 178 Ga. App. 454 (343 SE2d 743) (1986); see also *In re Shafer*, 216 Ga. App. 725 (455 SE2d 421) (1995) (noting that criminal contempt is "punitive rather than remedial").

[2] *In re Henritze*, 181 Ga. App. 560, 562 (353 SE2d 58) (1987) (citation and punctuation omitted).

opportunity to speak in his or her own behalf, to announce punishment summarily and without further notice or hearing."[3] "It is essential to constitute a contempt that the thing ordered to be done be within the power of the person against whom the order is directed."[4]

> Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court, but it also includes the interruption of the proceedings. Implicit within the definition of direct, summary contempt is a finding that the conduct is in the presence of the trial court and results in an interference with the court's ability to administer justice.[5]

"[I]n effect, the trial judge is the judge, jury and executioner with regard to direct, summary contempt findings."[6] "On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[7]

It is undisputed that Otuonye received notice of the command to appear in state court for the 9:00 a.m. calendar call; that he failed to so appear for approximately 90 minutes; that he had provided no prior notice to the court of any scheduling conflict as mandated by Uniform State Court Rule 17.1;[8] and that the court afforded him an opportunity to speak on his behalf. Otuonye made no assertion that he had tried, but had been unable to resolve the scheduling conflict in accordance with Uniform State Court Rule 17.1 (A); nor did Otuonye make any assertion that he could not have provided prompt written notification of a proposed resolution of the scheduling conflict in accordance with Uniform State Court Rule 17.1 (B). The court was

---

[3] *Dowdy v. Palmour*, 251 Ga. 135, 141-142 (2) (b) (304 SE2d 52) (1983); see also OCGA § 15-1-4 (a) (1) (powers of the court to inflict summary punishment for contempt of court shall extend to misbehavior of any person or persons in the presence of such court or so near thereto as to obstruct the administration of justice and shall extend to disobedience by an officer of the court or other persons to any lawful writ, process, order, rule, decree, or command of the court); see generally *In re J. S. Boswell*, 148 Ga. App. 519, 520 (251 SE2d 596) (1978).

[4] *In re Henritze*, supra at 562 (citations and punctuation omitted).

[5] *In re Charles T. Brant*, supra at 284 (1) (citations and punctuation omitted).

[6] *In re Shafer*, supra at 726 (1).

[7] *In re Henritze*, supra at 561 (citations, punctuation and emphasis omitted); see also *In re Shafer*, supra at 727.

[8] See Uniform State Court Rule 17.1 (providing method of resolving scheduling conflicts and requiring attorney confronted by such conflicts to give prompt written notice to opposing counsel, the clerk of each court, and to the judge before whom each action is set for hearing).

authorized to reject Otuonye's assertion that the chambers' telephone was not in working order; determine that Otuonye's conduct was tantamount to wilful disregard of the court's command to appear for calendar call, involving disrespect to the court;[9] and conclude that "[b]ecause [Otuonye] disregarded the court's command [to appear for calendar call], he disrupted court proceedings and interfered with the orderly administration of justice."[10] Viewing the evidence in the light most favorable to the prosecution, we find the evidence was sufficient.[11]

Although Otuonye complains that the fine, effectively the forfeiture of any earned fees, was unreasonably harsh, he has failed to support this claim. The only evidence of any services rendered to the two criminal defendants is his affidavit testimony, "I have had contacts and court appearances with my clients." This vague statement, without any showing of hours, rates, or other indication of the value of professional services rendered, is inadequate to show the value of his services and thus fails to support his claim that the fine was unreasonably harsh.[12]

Furthermore, this evidentiary deficiency forecloses any argument that the state court erred in disallowing payment on grounds of quantum meruit. "A quantum meruit claim requires proof as to the reasonable value of the attorney's services rendered in behalf of the client,"[13] and "value is defined in terms of value to the recipient."[14] Even if Otuonye had been removed as counsel, but not also fined, and even if quantum meruit was a viable theory of recovery for him, which we do not decide,[15] Otuonye's failure to set forth adequate evidence as

---

[9] See *In re Charles T. Brant*, supra at 284-285; compare *In re Henritze*, supra (evidence insufficient to support a finding of contempt, where attorney failed to appear due to car trouble, which was beyond his control).

[10] *In re Charles T. Brant*, supra at 284 (1) (496 SE2d 321) (1998); *In re Shafer*, supra at 726; OCGA § 15-1-4 (a).

[11] See *In re Michael Edward Bergin*, supra.

[12] See generally *Hercules Automotive v. Hayes*, 194 Ga. App. 135, 137 (4) (389 SE2d 571) (1989).

[13] *Sosebee v. McCrimmon*, 228 Ga. App. 705, 707 (1) (492 SE2d 584) (1997); see *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 62-63 (1) (537 SE2d 670) (2000).

[14] *Nelson & Hill, P.A.*, supra (footnote omitted).

[15] Otuonye has included nothing in the appellate record setting forth his agreement with the county for providing legal services to the two defendants. Generally, recovery in quantum meruit is not authorized when the claim is based on an express contract. See *Kwickie/Flash Foods v. Lakeside Petroleum*, 246 Ga. App. 729, 730 (541 SE2d 699) (2000). Exceptions to this general rule include circumstances where the contract has been repudiated by the parties, see id. at n. 2, and where a written employment contract is breached by the employer. See id., citing OCGA § 10-6-37. But see *PMS Constr. Co. v. DeKalb County*, 243 Ga. 870, 872 (2) (257 SE2d 285) (1979) (construing law now codified at OCGA § 36-10-1 as providing that quantum meruit is not a basis of recovery when a county is the defendant); compare *First Nat. Bank of Atlanta v. Mann*, 211 Ga. 706, 707-708 (2) (88 SE2d 361) (1955) (OCGA § 36-10-1 refers only to contracts, and the

to the reasonable value of his services to his clients leaves this court with no basis to conclude that the state court erred by disallowing any payment.[16]

2. Otuonye contends that the state court erred by communicating with his clients in his absence. Conceding that "the court has a duty to ensure the orderly flow of cases in its court, and inquire from client about counsel's whereabouts when counsel was not present in court and did not file conflict letter," Otuonye asserts that the court further impermissibly "solicited information" from his clients to use against him later. Otuonye specifies neither the questions nor the answers about which he complains, saying only that a "subsequent event gave appellant the impression that the court *may have* gone beyond inquiring about his whereabouts."[17]

Nothing in the record of the calendar call, which was created pursuant to OCGA § 5-6-41 (g), supports Otuonye's assertion that the court improperly probed his clients on any matter. Pertaining to the colloquy between the court and Otuonye's clients, the record shows only that "[t]he Court did not make any inquiry as to any substantive matters concerning their charges" and that "both [Otuonye's] clients said they had not had contact with him, didn't know of his whereabouts and that both of his clients had requested a new attorney."

Otuonye, as appellant, has the duty to show the error asserted affirmatively by the record.[18] By asserting mere speculation, Otuonye has failed to demonstrate any merit in this contention.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED MAY 18, 2006.

*Vincent C. Otuonye,* pro se.

---

payment of salaries of county officials and employees is not contractual within that provision); *Walker v. Stephens,* 175 Ga. 405, 411-412 (1) (165 SE 99) (1932) (where the relation between a county and an attorney does not rest upon contract, but arises from the appointment of the attorney as a public officer, the transaction does not fall under OCGA § 36-10-1).

[16] Compare *Llop v. McDaniel, Chorey & Taylor,* 171 Ga. App. 400, 402 (3) (320 SE2d 244) (1984) (recovery under theory of quantum meruit was authorized by evidence that the defendant hired the plaintiff as her attorney at law; that the plaintiff performed certain enumerated services, which services were accepted by the defendant; that such services were of a stated reasonable value and the defendant refused to pay therefor; that, as a result of the plaintiff's efforts and services which were accepted by the defendant, defendant has become enriched in a stated sum; and that, until the defendant pays the plaintiff the reasonable value of its services which produced such enrichment, such enrichment is unjust).

[17] (Emphasis supplied.)

[18] *Bell v. Forster,* 211 Ga. App. 76, 77 (2) (438 SE2d 145) (1993); see also Court of Appeals Rule 25 (a) (1) (requiring appellant's brief to provide record citations for material facts essential to a consideration of any claim of error).

*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.