A08A2243. MORRIS v. THE STATE.
(672 SE2d 531)

MIKELL, Judge.

Cynthia Morris, an attorney, appeals the order entered against her by the Juvenile Court of Bartow County, in which the juvenile court judged her to be in "per se" contempt for raising a claim of ineffective assistance of counsel against herself. The juvenile court imposed no sanctions against Morris. Because the per se rule imposed by the judge is inappropriate in a summary contempt proceeding, we reverse.

"Juvenile courts are authorized to punish for contempt for disobedience of an order of the court or for obstructing or interfering with its proceedings."[1] "The question of whether a contempt has occurred is for the trial court, and its determination will be over-

---

[1] (Citations omitted.) *In the Interest of A. L. L.*, 211 Ga. App. 767, 769 (3) (440 SE2d 517) (1994). See OCGA §§ 15-1-3; 15-1-4; 15-11-5.

turned only if there has been a gross abuse of discretion."[2] On appellate review of a criminal contempt conviction, this Court determines "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3]

So viewed, the evidence reflects that Morris, representing the mother in a termination of parental rights proceeding, appeared before the juvenile court on behalf of her client on February 25, 2008, the date set for trial. The case had been pending since January 7, and the trial date had been specially set to accommodate the schedules of the various attorneys and the juvenile court's calendar. Morris announced ready for trial in the morning but, when court reconvened in the afternoon, asked for a continuance because she had not received certain psychological evaluations which the Department of Family and Children Services ("the Department") intended to offer into evidence as exhibits at the hearing. Morris had requested the documents from the Department, in accordance with the informal policy the Department usually followed in juvenile court proceedings. The court acknowledged that "[b]ecause we do things very informally in juvenile court, perhaps it was [Morris's] expectation that documents would have been made available." The juvenile court pointed out, however, that because a proceeding to terminate parental rights is a civil action, Morris should have followed the appropriate discovery procedures to obtain the documents, rather than ask for a continuance at the start of the trial. At that point, Morris stated on the record: "Then I would ask that my ineffectiveness — that I'm being ineffective to my client in that case, and it's —." The court immediately asked her, "Ma'am, shall I hold you in contempt for that?" Morris responded, "I guess," and went on to explain that she had not known to seek the documents from the Department through a formal discovery request. Morris did not reiterate her comments with regard to ineffectiveness, nor did she make any other response to the court's inquiry regarding contempt.

The court then made the following ruling: "Well, an attorney who comes into my court and claims ineffective assistance of counsel is going to be held in contempt of court. So I do find you in contempt of court today, Ms. Morris." The court imposed no sanction. After the court made this ruling, and without asking the court to alter the ruling, Morris stated that she was not seeking to continue the case

---

[2] (Citations and punctuation omitted.) *Hamilton Capital Group v. Equifax Credit Information Svcs.*, 266 Ga. App. 1, 4 (2) (596 SE2d 656) (2004).

[3] (Punctuation and footnote omitted.) *In re Otuonye*, 279 Ga. App. 468, 470 (1) (631 SE2d 500) (2006). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

altogether, but only to defer the testimony of the two witnesses who had issued the psychological evaluations which she had not had time to review. She made no attempt to withdraw her comments regarding ineffective assistance of counsel. The court granted the relief Morris sought, and those two witnesses, who were present, were excused until a later time.

On April 21, 2008, the juvenile court entered an order of contempt against Morris. In its order, the court found that Morris had failed to pursue discovery to obtain certain documents from the Department, but that Morris had nonetheless asked for a continuance at the beginning of trial because she did not have the documents. The court ruled that Morris was in contempt on the ground that "an attorney raising a claim of ineffective assistance of counsel against himself or herself in the course of a trial is per se Contempt of Court."

Morris appeals the adjudication of contempt. We note that, even absent the imposition of sanctions, Morris's appeal is not moot, "because of possible continuing adverse collateral consequences [Morris] may suffer as a result of [her] contempt of court conviction."[4]

In *In re Jefferson*,[5] the Supreme Court enunciated the following standard for adjudicating an attorney in contempt for statements made in court:

> [A]n attorney may be held in contempt for statements made during courtroom proceedings only after the court has found (1) that the attorney's statements and attendant conduct either actually interfered with or posed an imminent threat of interfering with the administration of justice and (2) that the attorney knew or should have known that the statements and attendant conduct exceeded the outermost bounds of permissible advocacy. Because contempt is a crime, the evidence must, of course, support these findings beyond a reasonable doubt.[6]

*In re Jefferson* involved an adjudication of contempt for counsel's statements made in the course of a delinquency hearing.[7] Counsel, representing the juvenile defendant, repeatedly challenged certain

---

[4] *In re Hatfield*, 290 Ga. App. 134, 137 (1) (658 SE2d 871) (2008) (appeal of contempt conviction was not moot although attorney had paid the fine imposed).

[5] 283 Ga. 216 (657 SE2d 830) (2008).

[6] (Citation omitted.) Id. at 220.

[7] Id. at 216-217.

rulings made by the juvenile court.[8] The trial court, hearing the contempt proceeding upon the recusal of the original judge, found counsel in contempt.[9] The Supreme Court vacated the judgment and remanded the case to the trial court for further consideration in light of the standard quoted above, noting that

> because vigorous advocacy is essential not only to the preservation of individual rights but also to the integrity of the judicial system whose truth-seeking process is sought to be protected through the exercise of the contempt power, courts must be judicious in their approach to adjudicating contempt.[10]

It is clear that "a court . . . has the authority to hold a party summarily in contempt when necessary to preserve order in the courtroom."[11] And the juvenile court in the case before us properly provided Morris an opportunity to speak in her own behalf.[12] Further, Morris's statements and conduct in seeking a continuance after announcing ready for trial, her failure to obtain documents through the civil discovery procedures, and her challenging her own effectiveness as counsel, might be sufficient to support a conviction for criminal contempt, especially in light of the fact that witnesses who were present and ready to take the stand had to be excused and their testimony heard on a later day. Nonetheless, the juvenile court's adjudication of contempt in the instant case cannot stand where the judge's ruling makes clear that the judge did not weigh the evidence but applied an erroneous per se rule. Such a per se rule has no place in an adjudication of contempt.[13] We conclude that the juvenile judge in the case before us erred in adjudicating Morris in contempt.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 15, 2009.

*Ricky W. Morris, Jr.,* for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior*

---

[8] Id. at 216.

[9] Id. at 216-217.

[10] Id. at 221.

[11] (Citations omitted.) *Cousins v. Macedonia Baptist Church of Atlanta*, 283 Ga. 570, 575 (2) (662 SE2d 533) (2008).

[12] Compare id. (contempt adjudication could not stand where contemnor was given no opportunity to respond). See also *In re Hatfield*, supra at 137 (2) (summary judgment of contempt reversed where judge did not afford attorney opportunity to be heard; remanded for a new contempt hearing before another judge).

[13] See *In re Jefferson*, supra at 220.

*Assistant Attorney General, Lorie A. Moss, Elizabeth M. Williamson, Assistant Attorneys General*, for appellee.